315 So.2d 868 (1975)
Mrs. Mary Borck, widow of Thomas C. PATIN, et al.
v.
Huey STOCKSTILL et al.
No. 10266.
Court of Appeal of Louisiana, First Circuit.
July 8, 1975.
*869 Frans J. Labranche, New Orleans, for appellants.
Duncan S. Kemp, III, Hammond, for defendant-appellee Stockstill.
Edward B. Dufreche, Ponchatoula, for defendant-appellee Thibodeaux.
Charles M. Cassidy, Franklinton, for defendant-appellee Con-Plex.
Sharon P. Frazier and Robert J. Jones, Asst. Gen. Counsel, Highway Dept., Baton Rouge, for appellees.
Before LANDRY, BLANCHE and YELVERTON, JJ.
BLANCHE, Judge.
The plaintiffs are the administrator and heirs of the Succession of Thomas C. Patin and own a tract of land in Tangipahoa Parish which is immediately adjacent to Interstate Highway 12.
The defendant W. J. Thibodeaux owns lands which adjoin the Patin property, and in the early part of 1971, contracted with the defendant, State of Louisiana, through the Department of Highways, to supply dirt from a borrow pit on his property for the construction of the Interstate.
The defendants, Huey Stockstill and/or Huey Stockstill, Inc., were contractors employed on the project and were to haul the dirt from Thibodeaux's property to the Interstate.
The controversy centers around whether there was an agreement between Thibodeaux and Patin for the use of a right of way over Patin's property for the purpose *870 of hauling the dirt. Thibodeaux claimed that an oral agreement was reached granting the right of way for the price of $1,000. Patin denied that such an agreement was made because he had insisted that they would only consider a written offer and would not do business on an oral basis.
The record shows that on November 25, 1971, Stockstill constructed a roadway approximately 50 feet wide and 1,000 feet in length across the plaintiffs' property. One of the plaintiffs, and also their spokesman, Thomas Patin, Jr., discovered the road had been built and on December 20, 1971, addressed a letter to Thibodeaux maintaining that the plaintiffs had not consented to the building of said roadway as no contract had been signed. In the letter he expressed dismay over the damage to the land and also instructed Thibodeaux that any use of the road would be considered as a trespass.
Because of weather conditions, the roadway was not used until April, 1972, approximately five months after its construction.
In April, upon learning from neighbors that hauling operations were taking place upon the road, Patin placed a chain across the roadway and also attempted to barricade it to prevent its use. However, his attempts to prevent the hauling operations were of no avail.
Later during that same month, Patin arrived at the road while hauling operations were actually in progress. He immediately stopped the trucks and conversed with one of the defendants, Huey Stockstill, whose firm was hauling the dirt. He informed Stockstill that the operations were considered as a trespass because the plaintiffs had not arrived at an agreement with either him or Thibodeaux concerning the right of way. Stockstill informed him at that time that he was of the impression that a contract between Patin and Thibodeaux had been negotiated.
The record does not establish how much dirt was hauled across the roadway before Stockstill was interrupted by Patin; however, the indications are that the hauling was substantially completed by that time.
On January 10, 1973, plaintiffs filed suit against Huey Stockstill, individually and Huey Stockstill, Inc., W. J. Thibodeaux, Jr., and the State of Louisiana, through the Department of Highways. This suit was No. 41,651 on the docket of the Twenty-first Judicial District Court and sought damages for the destruction of the land as a result of the construction of the roadway and damages for trespass.
Stockstill, Stockstill, Inc., and Thibodeaux filed exceptions of vagueness against this petition which were sustained by the trial judge, with leave of plaintiffs to make the appropriate amendments within thirty days. The plaintiffs' failure to amend the petition in compliance with the court order resulted in the dismissal of plaintiffs' suit as to three defendants, thus leaving the State of Louisiana as the sole defendant in the lawsuit.
The same day Suit No. 41,651 was dismissed, the plaintiffs instituted Suit No. 42,639 on the docket of the Twenty-first Judicial District Court, naming those same dismissed parties, Stockstill, Stockstill, Inc., and Thibodeaux as defendants. This suit obviously was an attempt to correct the defect of vagueness in the first suit, which could have been cured by an amendment to the original petition. In addition to the above-described allegations of Suit No. 41,651, the plaintiffs specifically itemized damages to the land totaling $31,700. They also specifically asked for $10,000 due to the "trespass, use of land and general damages."
Meanwhile, on May 3, 1973, in response to the original Suit No. 41,651, the Department of Highways entered a third party demand against Con-Plex, Division of U.S. Industries, Inc., whom it claimed was liable to them for any damages resulting *871 from the plaintiffs' suit. Also named as defendants were Stockstill, Stockstill, Inc., and Thibodeaux. On August 2, 1973, evidently as a result of the Highway Department's third party demand, the plaintiffs amended their petition in Suit No. 41,651 naming Con-Plex, as an additional defendant. At that time they also amended their petition in the original suit specifically itemizing the damages to the land as $31,700 and asked for $10,000 for "trespass, use of land and general damages." This amendment made both suits reflect identical causes of action and both sought the same damages.
Con-Plex entered a plea of prescription against the original plaintiffs in Suit No. 41,651. Thereafter, Stockstill, Stockstill, Inc., and Thibodeaux all entered exceptions of prescription in Suit No. 42,639. The Highway Department orally entered the exception at the trial in Suit No. 41,651, and both suits were consolidated for trial.
Con-Plex additionally motioned for summary judgment in Suit No. 41,651. On August 15, 1974, trial was held on this motion and also on the prior exceptions of prescription.
On August 20, 1974, judgment was rendered granting the exceptions of prescription against the plaintiffs in favor of all defendants in both suits.
From this judgment the plaintiffs have appealed, and separate judgments will be entered in each case.
In view of the foregoing, we must now consider the plaintiffs' contention that the trial judge erred by ruling that their suit was barred by the prescription of one year. LSA-C.C. Art. 3536.

NOVEMBER 25 TRESPASS AND DAMAGES
The plaintiffs argue that the unauthorized taking of a right of way across their property was a continuous offense. They point out that the roadway was constructed on November 25, 1971, and not used until April, 1972. Their argument is that the offense continued from November until April and, therefore, a suit brought within one year of April would be timely for all the offenses committed by the defendants. In effect, the plaintiffs argue that the continuing nature of the offense suspends the accrual of prescription for the trespass and resulting damages from November, 1971, until the discontinuance of use of the road in April, 1972.
The plaintiffs' argument is without merit. The cause of the injury arose, produced injury and ceased the moment the road was constructed; nor were the damages progressive after the road was built, for whatever damage was occasioned to the beauty of plaintiffs' lands and to the destruction of their trees was caused by the construction and completion of the roadway. Prescription runs successively from the date that each offense and item of damages is incurred, Devoke v. Yazoo and M.V.R. Co., 211 La. 729, 30 So.2d 816 (1947). Therefore, the plaintiffs' contention is without merit that prescription did not begin to run for the trespass and resulting damages stemming from the November construction until the last offense was committed in April.[1]
In cases where the commission of a wrongful act is attended immediately by resulting damage, as was the case herein regarding the November 25 construction, prescription runs from the date on which the damaging act is completed, Beauvais v. *872 D. C. Hall Transport, 49 So.2d 44 (La.App. 2nd Cir. 1950), and cases cited therein.
The Beauvais case is modified by LSA-C.C. Art. 3537[2] which establishes that the running of prescription of Article 3536[3] for damages to land begins only after knowledge of such damage is received by the owner thereof. Actions for trespass also prescribe one year from knowledge, Murrell v. Goodwill, 159 La. 1057, 106 So. 564 (1925). It is uncontroverted that the plaintiffs were aware of the November, 1971, trespass and damages on December 20, 1971, the date that Patin wrote to Thibodeaux protesting the building of the road. Prescription, therefore, began to run against the plaintiffs on that date.
As original Suit No. 41,651 was not brought until January 10, 1973, it was untimely, and the peremptory exception of prescription was properly sustained by the trial judge regarding the trespass and damages on November 25, 1971.
Craig v. Montelepre Realty Co., 252 La. 502, 211 So.2d 627 (1968), which was relied upon by the plaintiffs for the proposition that the instant offenses were continuous in nature, is factually distinguishable from the instant case. In Montelepre, the plaintiffs sustained damages from the construction of a four-story addition on the adjacent property of the defendant. The Court held that the damages were sustained because of the entire construction operations of the defendants and that such damages were, therefore, continuous in nature. In the instant case, the evidence established that the construction of the road required only one day's work, and the plaintiffs have shown no subsequent damages resulting therefrom, nor have they shown a reentry by the defendants which caused more damages to the land.
In addition, the continued existence of the road across the plaintiffs' property does not cause suspension of prescription after knowledge by the owner, Schouest v. Texas Crude Oil Co., 141 So.2d 155 (La.App. 1st Cir. 1962), writ refused but unreported, May 24, 1962.
The plaintiffs also rely upon the doctrine of "contra non valentem agere nulla currit praescriptio" (no prescription runs against a person unable to bring an action) to suspend the running of prescription. The plaintiffs contend that they did not know who was the guilty party or parties and, therefore, they were precluded from bringing suit on the date knowledge of the damages was received by them. They contend that prescription, therefore, should accrue against them only from April, 1972, that being the date they first learned the identity of the involved parties.
Accordingly, plaintiffs attempted to introduce a reply to Patin's December 20th letter, which was written by Thibodeaux's attorneys and dated December 27, 1971. The introduction of this letter was denied by the trial judge, and thereafter it was submitted as a proffer by the plaintiffs. Its purpose was to establish that the defendant Thibodeaux was denying any knowledge concerning the construction of the roadway and, therefore, the plaintiffs had no cause of action against him. A second proffer by the plaintiffs was offered to prove that as late as March 24, 1972, Thibodeaux continued to deny that he had trespassed upon the plaintiffs' property and continued to maintain that he had *873 no knowledge whatsoever of the construction of the road.
Assuming the plaintiffs are correct in that the above proffers were improperly denied by the trial judge, the doctrine of "contra non valentem," nevertheless, does not apply in the instant case. Said doctrine is an exception to the general rules of prescription and establishes that prescription does not run against persons unable to bring an action or against persons who for some reason are unable to act. However, the mere failure on the part of a plaintiff to ascertain whom to sue within a year does not toll the running of prescription, Dagenhart v. Robertson Truck Lines, Inc., 230 So.2d 916 (La.App. 1st Cir. 1970). Concealment of his identity by a defendant by silence alone is not enough to toll the running of prescription. Additionally, he must be guilty of some trick or contrivance tending to exclude suspicion and prevent the plaintiff from bringing his action. There must also be reasonable diligence on the part of the plaintiff to ascertain the identity of the party injuring him and the means of knowledge are the same in effect as knowledge itself, Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484 (1960).
The plaintiffs failed to prove that the denial of knowledge of the roadway by Thibodeaux was a trick or contrivance to lull the plaintiffs into inaction. We note also that there was no allegation of fraud concerning his denial. In addition to the foregoing, the plaintiffs overlook the fact that other parties besides Thibodeaux were involved in the building of the road. They knew or had reason to believe that the Highway Department was involved because of the adjacent Interstate, and by discovery devices pursuant to suit against the Department they could have ascertained the identity of the other parties involved. The circumstances of the case indicate the plaintiffs did not use reasonable diligence to ascertain the names of the responsible parties, and, therefore, the doctrine of "contra non valentem" did not operate to suspend the running of prescription.

APRIL TRESPASSES
We now consider the use of the road in April, 1972. As set forth hereinabove, the plaintiffs' petition sought damages for trespass in both suits. The trial court judgment considered only one cause of action arose out of the circumstances occurring from November through April and determined that the plaintiffs' entire suit should be dismissed as untimely. However, the plaintiffs' petitions convince this Court that the plaintiffs were seeking recovery for both the damages to their land and the illegal trespasses by the defendants. As previously noted, the damages to the land and the original trespass occurred on November 25 and prescription began running against the plaintiffs on December 20 when they became aware of said damages. The road lay unused from November 26 until April of 1972, some five months. However, when the defendants reentered the plaintiffs' land in April and began using the road without the authorization of the plaintiffs, they were guilty of additional trespasses and new causes of action arose. Each use of the road in 1972 was a trespass across the plaintiffs' property which gave rise to a cause of action. As the plaintiffs brought suit well within one year from these alleged trespasses, their actions had not yet prescribed.
The defendants' argument that this trespass in April was but a continuation of the original trespass is without merit since every illegal entry onto the land of another gives rise to an action for trespass. Our limited jurisprudence on this question holds that to constitute a trespass there must be an unlawful physical invasion of the property or possession of another. See Gliptis v. Fifteen Oil Company, 204 La. 896, 16 So.2d 471, 472. Therefore, the first unauthorized entry onto the plaintiffs' *874 land in November, 1971, was a trespass but as noted hereinabove, that claim prescribed. The April entries upon the land for hauling purposes were additional trespasses for which new causes of action arose.
Suit No. 41,651 in which the Highway Department was made defendant was brought within one year of the April trespasses and, therefore, the Department's exception of prescription should have been overruled by the trial judge.
Suit No. 41,651 also named Stockstill, Stockstill, Inc., and Thibodeaux as defendants. However, that suit was dismissed for vagueness, and on the day of its dismissal Suit No. 42,639 was instituted asserting the very same cause of action. The defendants claim that Suit No. 42,639 was untimely.
LSA-R.S. 9:5801[4] provides that the timely filing of a suit in a court of competent jurisdiction and venue interrupts the running of prescription affecting the cause of action therein sued upon. We have determined that Suit No. 41,651 was timely and there has been no contention that it was not brought in a court of competent jurisdiction and venue. Suit No. 42,639 asserted the same cause of action as the prior suit and, therefore, under R.S. 9:5801 the prescription affecting that cause of action was interrupted. As Suit No. 42,639 was filed within a year of the dismissal of the prior suit, it was timely as to the defendants named therein. Therefore, the trial judge erred by granting the defendants' peremptory exception of prescription in Suit No. 42,639, as it related to the April trespasses.
Con-Plex was originally made a defendant by the third party action of the Highway Department. The plaintiffs then amended their petition in Suit No. 41,651 on August 2, 1973, to include Con-Plex as a defendant therein. In answer thereto, Con-Plex filed a peremptory exception of prescription, as the suit was brought more than one year after the alleged incidents took place.
The original petition alleged that "all the defendants are jointly, severally and in solido indebted to the plaintiffs herein," and, therefore, the addition of Con-Plex to the suit factually alleged that Con-Plex also was solidarily liable.
LSA-C.C. Art. 2097 provides: "A suit brought against one of the debtors in solido interrupts prescription with regard to all."
As the plaintiffs have alleged that Con-Plex was solidarily liable, they are entitled to present their evidence and have their case against that defendant heard on the merits, Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La., 1973).
Therefore, in view of the fact that plaintiffs have factually alleged the solidary liability of Con-Plex with the other named defendants, and Con-Plex failed to establish that its plea was well founded, and since prescription as to the other obligors was interrupted regarding the April trespasses by the timely filing of suit on January 10, 1973, the plaintiffs' suit against Con-Plex was likewise timely. Accordingly, their peremptory exception of prescription concerning the April trespasses should not have been granted by the trial judge.
For the above and foregoing reasons, the granting of the peremptory exception of prescription in Suit No. 41,651 (Appellate No. 10,266) in favor of the defendants, *875 Con-Plex, Division of U.S. Industries, Inc., and the Louisiana State Department of Highways, against the plaintiffs therein, Mrs. Mary Borck Patin, et al., dismissing the plaintiffs' entire suit is hereby reversed.
However, that portion of the judgment in Suit No. 41,651 (Appellate No. 10,266) which sustained the defendants' peremptory exception of prescription regarding the trespass and damages occurring to the plaintiffs on November 25, 1971, is hereby affirmed.
All costs of this appeal are to be paid by defendants.
Affirmed in part, reversed in part and remanded.
NOTES
[1] See Young v. International Paper Co., 179 La. 803, 155 So. 231 (1934); Rhodes v. International Paper Co., 174 La. 49, 139 So. 755 (1932); and Griffin v. Drainage Commission of New Orleans, 110 La. 840, 34 So. 799 (1903), for examples of damages from offenses that have been considered continuing in nature by Louisiana courts.
[2] LSA-C.C. Art. 3537 provides, in part, as follows:

"The prescription mentioned in the preceding article runs:
"And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof. * * *"
[3] LSA-C.C. Art. 3536 provides, in part, as follows:

"The following actions are also prescribed by one year:
"That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses."
[4] LSA-R.S. 9:5801 provides:

"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1."