LOTTINGER, Judge.
This is a suit filed by Jeffrey A. Barbay and his wife, Kathleen W. Barbay, against the Parish of East Baton Rouge for damages sustained by plaintiffs when their home in East Baton Rouge Parish was flooded by raw sewage on three separate occasions. The Trial Court rendered judgment in favor of plaintiffs in the sum of One Thousand Four Hundred Ninety nine and 31/100 ($1,499.31) Dollars for property damages and in the sum of Two Thousand Five Hundred and no/100 ($2,500.00) Dollars to each of the plaintiffs for mental anguish and anxiety, worry, embarrassment and annoyance. The defendant has taken an appeal.
There is no issue before us as to the judgment of the Trial Court in so far as the facts are concerned. There is no question that the home of plaintiffs suffered damages when the toilets in their home overflowed. On one occasion, there was water and sewage all over the house some two to three inches in depth. The only real issue set forth in the brief of defendant is as to the quantum awarded Mr. Barbay for mental anguish, etc. in the sum of $2,500.00, it being contended by defendant that Mrs. Barbay “bore the brunt of the sewage backup on all three occasions, particularly the second instance which apparently did the damages complained of, the other two instances being minor, doing little if no damage.”
The evidence reflects that the damages sustained by the plaintiffs was significant and the nature of these damages must have caused them a great deal of embarrassment. Because of financial conditions, plaintiffs were unable to replace some of *236 the damaged property until more than a year and a half after the overflow occurred. There was an overwhelming stench associated with the backup which never left the home and, because of the location of the bathroom to the air conditioning unit, the smell was circulated and recirculated through the house. The plaintiffs had planned a dinner party which had to be cancelled because of one of the overflows.
LSA-C.C. art. 1934(3) in part provides: “In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury * * * »
In Miller v. Thomas, 258 La. 285, 246 So.2d 16, 19 (1971), the Supreme Court of this state, after reviewing the jurisprudence said:
“From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the ‘much discretion’ accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.”
We are unable to say, as a result of the overflows, that Mr. Barbay suffered any less than his wife from the indignities caused thereby. We certainly do not feel that the “much discretion” of the Trial Court has been abused, and its judgment will be affirmed.
For the reasons hereinabove assigned, the judgment of the Trial Court is affirmed, all costs of this appeal as permitted by law are to be borne by defendant.
AFFIRMED.