381 So.2d 843 (1980)
Louis MEYERS
v.
Norman BASSO et al.
No. 13067.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Rehearing Denied March 31, 1980.
Writ Refused May 9, 1980.
*844 Hobart O. Pardue, Jr., Springfield, Phillip T. Hager, New Orleans, for plaintiff.
Joseph F. Keogh, Baton Rouge, for defendants.
Before EDWARDS, LEAR and GREENE.
GREENE, Judge.
Plaintiff filed suit seeking damages caused to his two houseboats by a wake created by defendant's boat in the Tangipahoa River. As per jury verdict, the trial court rendered judgment in favor of plaintiff against defendant in the amount of $2,500.00 for cost of repairs to these houseboats and $5,000.00 for mental anguish suffered by plaintiff plus costs of meals for the jurors during trial. Defendant appeals from this judgment, alleging the jury erred in finding negligence and in the amount awarded.
Appellant's minor son, age 15, was operating a 16 foot ski barge powered by a 55 horse power outboard motor with two companions in the boat on May 30, 1977. He had been skiing and swimming with friends that day and was returning to the launching area when his boat began running slowly due to some mechanical problem. Although testimony conflicts on this point, the record establishes that appellant's son motored past appellee's houseboats twice at a slow speed. The large wake created by appellant's boat slammed the houseboat in which appellee was living against piling causing the damage sued for herein. The boat wake deposited one side of appellee's other houseboat, which was smaller than the one he was living in, up on the bank.
Where the record reveals a reasonable factual basis for the finding of the trial court and the record does not establish this finding to be clearly wrong an appellate court should not disturb this factual finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). The record supports the *845 finding of the jury that appellant's son was negligent in the operation of this boat causing damage to appellee's houseboats.
Although there is testimony to the effect that some of the repair work done on one of the houseboats was caused by decay and deterioration, the record establishes that the repair work performed on these two houseboats was necessitated by the damage done to these houseboats by the operation of appellant's boat. There is no manifest error in this finding by the jury.
Mr. Burley Mobbs repaired the smaller of the two houseboats in return for receiving six months free rent on this houseboat. After negotiations, appellee and Mr. Mobbs agreed that the rent was to be at the rate of $75.00 per month, resulting in total compensation to Mr. Mobbs of $450.00 for this repair work. In addition to other work done on the houseboat, Mr. Mobbs replaced twelve 55-gallon drums used for flotation of the houseboat which had been purchased by plaintiff at the rate of $8.00 per drum. Therefore, the total cost of the repair work done on this houseboat amounted to $546.00. The estimate of repair work needed to fix the damages caused to the houseboat where appellee lived was $951.00, which included labor and material.
The total repair bill for both these houseboats is $1497.00. There is no testimony in the record to support any award greater than this amount for repair work. Accordingly, the award by the jury to appellee for damages incurred by his houseboats must be reduced from $2500.00 to $1497.00.
Appellant claims plaintiff is not entitled to recover for mental anguish. First, appellant claims the trial court erred in charging the jury on mental anguish and damages allowable for mental anguish when there was no evidence to support the existence of a mental anguish claim. The record establishes that plaintiff was upset and excited during this episode. Plaintiff, age 76, was aboard one of the houseboats when appellant's boat passed causing these damages to the houseboats. He was so upset at the damage being caused by appellant's boat and at not being able to flag down the driver of this boat, that he grabbed a rifle and shot at the offending boat. This testimony establishes a reasonable basis to allow the trial court to submit the question of mental anguish to the jury. Therefore, no error was committed by the trial court in submitting the question of mental anguish to the jury.
The court, in Hymel v. Tom Alexander Brokerage Co., 348 So.2d 104 (La.App. 4th Cir. 1977), writ refused, stated:
"Damages for mental anguish are allowed to persons who are present or nearby when the accident causing the damage occurred and experienced a real psychic trauma in the nature of or similar to a physical injury as a result of the incident."
See also Barbay v. Parish of East Baton Rouge, 343 So.2d 235 (La.App. 1st Cir. 1977), writ refused; Cane River Needle Art v. Reon, Inc., 335 So.2d 751 (La.App. 3rd Cir. 1976); Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir. 1965); and Fontenot v. Magnolia Petroleum Company, 227 La. 866, 80 So.2d 845 (1955). In order to recover for mental anguish, it must be proven that plaintiff suffered more than minimal worry and inconvenience over the consequences of the damage. Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir. 1975), writ refused.
Although the facts articulated above suggest that plaintiff was excited and upset during this incident, the record does not establish that he sought medical help for this psychic trauma nor does the record show any independent testimony concerning the extent of any mental anguish which he might have received. The record in fact suggests that any mental anguish suffered by plaintiff abated soon after the incident. Further, there is no evidence in this record that plaintiff suffered any residual or continuing psychic or physical injuries as a result of his alleged distress. Nevertheless, the record does support that plaintiff did suffer some mental anguish from this incident. However, under an interpretation of the evidence most favorable to plaintiff we *846 feel the award of $5,000.00 for this anguish to be grossly excessive and amounts to a clear abuse of the trial court's "much discretion". Reck v. Stevens, 373 So.2d 498 (La.1979); Thomisee v. State Farm Mutual Automobile Insurance Co., 376 So.2d 1056 (La.App. 3d Cir. 1979). Therefore, after considering the particular effects on this plaintiff of the particular injuries that he suffered and being able to draw very little guidance from awards made in other cases involving damaged homes[1] while still viewing all the evidence in this record in a light most favorable to plaintiff, we conclude that the evidence supports a finding of damages for mental anguish in the range of de minimus damages to $1,000.00. Accordingly, for the reasons articulated above, we reduce the award for mental anguish to $1,000.00. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Appellant also claims the lower court erred in charging the meals for the jury as court costs. The trial of this matter lasted from 9:30 a. m. to 12:00 Midnight.
The jurisprudence of this State is well settled to the effect that the only costs that can be taxed against the litigant are those provided for by a positive law. Gore v. American Motorists Insurance Company, 244 So.2d 894 (La.App. 1st Cir. 1971), writ refused. Louisiana Revised Statute 13:3049 provides for the payment of jurors who attend court and serve on a jury and jurors who attend but do not serve giving the amount of daily compensation for each category together with a fee for mileage traveled to and from the courthouse. Louisiana Revised Statute 13:3050 sets forth the posting of a bond in jury cases as follows:
"In all civil cases in which a jury is prayed for and allowed, the party praying for the jury shall give bond in favor of the parish for such amount as may be determined by the judge to cover the cost of the jury, which cost shall be taxed as provided for in Louisiana Code of Civil Procedure Articles 1920 and 2164."
Louisiana Revised Statute 13:4533 states as follows:
"The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."
The question of whether the cost of meals for civil juries can be taxable as court costs has never been decided by our courts. A trial court must be given much discretion in presiding over a civil jury trial in order to promote justice, court time efficiency, fairness to the litigants and the civil jury and to protect court personnel. If the trial is not completed by mealtime, there may be reasons for a trial court to want the jury to stay together for lunch or supper accompanied by a bailiff in order to accomplish these objectives. Louisiana Revised Statute 13:4533 gives the trial court discretion in whether or not to feed the civil jury with the verbiage ". . . and all other costs allowed by the court . . . ." For these reasons, inasmuch as the record does not reflect that the trial court abused its discretion in the amount expended on jury meals, we find that the trial court was not in error in casting the cost of meals served to the jury during the trial of this matter as court costs.
The judgment appealed from is therefor amended so that there will be judgment in favor of plaintiff in the sum of $2,497.00 together with legal interest from date of judicial demand and for all costs of these proceedings to include expenses of the jury including meals. In all other respects, the judgment of the trial court is affirmed, with costs of this appeal to be shared one half by plaintiff and one half by defendant.
AMENDED AND AFFIRMED.
NOTES
[1] Hayward v. Carraway, 180 So.2d 758 (La.App. 1st Cir. 1965); Cooper v. Christensen, 212 So.2d 154 (La.App. 4th Cir. 1968); Barbay v. Parish of East Baton Rouge, 343 So.2d 235 (La.App. 1st Cir. 1977); Hymel v. Tom Alexander Brokerage Company, 348 So.2d 104 (La.App. 4th Cir. 1977); Romero v. Town of Welsh, 370 So.2d 1286 (La.App. 3d Cir. 1979).