479 So.2d 1078 (1985)
E.A. BELL, Plaintiff-Appellant-Appellee,
v.
SEDIMENT REMOVERS, INC. and L.F. Reeves d/b/a Reco Construction Company, Defendants-Appellees-Appellants.
No. 84-923.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1985.
Writ Denied February 7, 1986.
*1080 Brame, Bergstedt and Brame, Joe A. Brame, Lake Charles, for defendant-appellant-appellee.
R. Keith Findley, Lake Charles, for defendants-appellees-appellants.
Collings & Collings, R. William Collings, Lake Charles, for plaintiff-appellee-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Bernard H. McLaughlin, Jr., J. Fred Patin, Robert L. Dow, Lake Charles, Gachassin and Hunter, Nicholas J. Sigur, LaFayette, Leithead, Scott, Boudreau, Myrick & Richard, Edward Myrick, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
KNOLL, Judge.
This is a trespass action. Edwin A. Bell (hereafter Bell) sued Firestone Tire and Rubber Company (hereafter Firestone), the producer of certain non-toxic industrial waste material, Sediment Removers, Inc. (hereafter Sediment Removers), the holder of a contract with Firestone to remove the waste material, and L.F. Reeves d/b/a Reco Construction Company (hereafter Reeves), the hauler of the Firestone waste for Sediment Removers to a site Reeves and Bell co-own. Firestone and Sediment Removers filed a third party claim against American Employers Insurance Company (hereafter American Employers) claiming American Employers provided them with comprehensive general liability coverage, and owed them attorney's fees for failing to provide a defense. Sediment Removers also filed a third party demand against Reeves seeking indemnity and contribution. The trial court dismissed Firestone on a motion for directed verdict, and at the conclusion of the trial, held Reeves, American Employers and Sediment Removers solidarily liable to Bell for $12,500 damages, and awarded Sediment Removers $5000 attorney's fees for American Employers' failure to defend. Only Bell, Sediment Removers, and American Employers appeal, therefore, the judgment against L.F. Reeves d/b/a Reco Construction Company is final. The issues presented are: (1) whether Bell proved its damages by a preponderance of the evidence; (2) whether Firestone was improperly dismissed from the lawsuit; (3) whether fault or negligence was shown on the part of Sediment Removers; (4) whether there was a legal relationship between Reeves and Sediment Removers; (5) whether American Employers provided coverage, if any was owed, if the relationship between Reeves and Sediment Removers was either that of independent contractor or joint venturer; (6) whether American Employers' insurance policy excluded coverage to Sediment Removers under its pollution exclusion; (7) whether American Employers owed Sediment Removers a duty to defend; and (8) whether Bell's damage award should be increased. We reverse the trial court's award of damages to Bell, finding he failed to prove damages by a preponderance of the evidence, and that American Employers owed a duty to defend Sediment Removers, therefore, we pretermit discussion of all other issues.

FACTS
Bell and Reeves own adjacent properties in Calcasieu Parish on which a four acre borrow pit traverses a common boundary. There is nothing in the pit to prevent waste from migrating from one side to the other. Prior to Bell's purchase of this property, the pit had been used for the disposal of various types of waste material, including the use of it as a ward dump. Waste material migrated across the pond prior to this trespass action.
*1081 In 1975 Firestone entertained bids for the removal of non-toxic, non-hazardous waste from its plant site and awarded the contract to Sediment Removers for disposal of the waste material in a landfill operation. Sediment Removers in turn contracted with Reeves for transportation of the waste material to the pit co-owned by Reeves and Bell. When Reeves began disposing the industrial waste in the co-owned pit, Bell obtained an injunction because of the violation of a servitude of passage granted Bell and Reeves under a prior contract. At the time Reeves and Sediment Removers halted their disposal activity 8,069 cubic feet of waste had been deposited. The evidence preponderates that the dumping was on Reeves's side of the pit, but without the permission of Bell, and an undetermined amount of waste material (composed of 80% water and 20% sludge) settled on Bell's side of the pit.

DAMAGES
Firestone, Sediment Removers and American Employers contend that even though there may have been a technical trespass on Bell's portion of the pit, Bell failed to prove that he was damaged by the trespass. We agree.
Plaintiff must prove by a preponderance of the evidence the damages caused by the tortfeasor. This burden of proof may be met by either direct or circumstantial evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows that the facts or causation sought to be proved is more probable than not. Hoffpauir v. State Farm Mut. Auto Ins. Co., 427 So.2d 560 (La.App. 3rd Cir.1983), writ denied, 435 So.2d 449 (La.1983). In a trespass action it is encumbent upon plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass. Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317 (1953). A plaintiff who is unable to substantiate his claim for damages in a trespass action by a preponderance of the evidence is due no damages. Meadors v. Cravy, 165 So.2d 546 (La.App. 2nd Cir. 1964); Central Louisiana Electric Co. v. Mire, 140 So.2d 467 (La.App. 1st Cir.1962); Guidry v. Matherne, 12 So.2d 19 (La.App. 1st Cir.1943); Thomas v. Philip Werlein, Limited, 181 La. 104, 158 So. 635 (1935).
The trial court awarded Bell $2500 for mental anguish he suffered as the result of bringing legal action to halt the dumping of Firestone's waste, and for a reduction of his property value. We disagree. Mental anguish does not result of necessity from a trespass or the encroachment on one's property; even though it may be compensatory, it must be proven with sufficient evidence. McKowen v. McCraine, 244 So.2d 45 (La.App. 1st Cir. 1971). The record is void of any evidence to support this award.
The trial court also awarded Bell $10,000 to compensate him for the depreciation of his land's value, the cost of removing the sludge from his property, and for any unjust enrichment for disposal fees paid to Reeves and Sediment Removers for disposal of waste on Bell's property.
Bell proved a technical trespass of Firestone's sludge on to his property, i.e., the unlawful physical invasion of his property. See Patin v. Stockstill, 315 So.2d 868 (La.App. 1st Cir.1975). However, he failed to prove that his property was damaged by the physical invasion of non-toxic waste. Although the trial court awarded Bell damages, in its written reasons for judgment the court determined that Bell failed to prove damages but awarded damages because of "improper dumping." In its reasons, the court stated:

"While this Court is in agreement that plaintiff was damaged to some degree by the dumping of Reeves and Sediment Removers, this Court is of the opinion that plaintiff failed to prove with particularly [sic] the damages which it seeks. A reading of the record will show that there are numerous requests for different types of damages in this case. The plaintiff based one request *1082 on the value of the property. The plaintiff based another request on the cost of the removal of the sludge from the property. The problem this Court has is that the plaintiff failed to prove how much of the sludge came onto his property through the improper dumping of defendants. The evidence is extremely weak on this point. After long consideration, the Court finds that some award should be rendered for the improper dumping by defendants, but does not agree with the plaintiff as to the amount of that award." (Emphasis added.)

The damages awarded by the court are penal in nature and, therefore, are clearly improper in this tort action.
The record is void of how much of the sludge transmigrated to Bell's side of the borrow pit. Further, the record establishes that for many years prior to this trespass action the pit was used as a disposal site for industrial waste. Bell admitted that he and Reeves hauled filter cake, which may have been toxic according to some of the expert testimony, to this site prior to his purchase of the land. Likewise the record is clear that the pit was used as an industrial dump site for many years prior to Bell's purchase, and that Bell himself purchased the pit as a disposal site for certain non-toxic industrial waste removal contracts that he serviced. We therefore conclude that the trial court was manifestly erroneous in awarding damages which were not proved by a preponderance of the evidence.

DUTY TO DEFEND
The trial court ruled that American Employers provided comprehensive general liability insurance to Sediment Removers, and awarded it $5000 attorney's fees for American Employers failure to defend. American Employers contends the trial court erred in making this award.
An insurer's obligation to defend suits against its insured is broader than its liability for damage claims. The insurer's obligation to defend suits against the insured is determined by the allegations of the plaintiff's petition with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. Guilbeau v. Roger, 443 So.2d 773 (La.App. 3rd Cir.1983), writ denied, 446 So.2d 1224 (La. 1984).
American Employers' refusal to provide Sediment Removers a defense is based on two grounds: (1) Sediment Removers was not guilty of any negligence or fault apart from Reeves's actions, and no legal relationship was established with which to make Sediment Removers vicariously liable; and (2) the policy of insurance between Sediment Removers and American Employers unambiguously excludes coverage because the dumping of Firestone's waste material over a period of 14 days did not constitute a "sudden" discharge.
Since we find that American Employers owed Sediment Removers a duty to defend based on the certificate of insurance, we will not treat the issues raised by American Employers. The certificate of insurance provides:

"Liability Coverage: The Contractor [Sediment Removers] shall indemnify Owner [Firestone] and save it harmless from damage to Owner's property and from all claims and judgments for injury or death to persons or property damage (including costs of litigation and attorney's fees) made or obtained against owner by third persons including Owner's and Contractor's employees and agents, based on injuries to person or property, in any manner caused by, incident to, connected with, resulting or arising from the performance of this contract or the presence of Contractor's employees and/or agents on Owner's premises, regardless of whether such claims are alleged to be caused by negligence, or otherwise, on the part of the Owner or its employees but the Contractor will not be responsible for loss, damage or injury, including death, caused by the sole negligence of the Owner or its employees, excepting however, injury to or death of employees *1083 of the Contractor, from any cause whatsoever."

This language was specifically requested by Sediment Removers to enable it to bid on the Firestone contract, and is broader than the provisions of American Employers' insurance policy. The record shows that American Employers received a copy of the certificate of insurance and made no attempt to delimit its terms. Accordingly, American Employers ratified the acts of its agent thereby binding it to the broader coverage. See Flaherty v. Gulfco Life Insurance Company, 327 So.2d 436 (La.App. 3rd Cir.1976), writ denied, 329 So.2d 430 (La.1976). In light of the expanded terms of the certificate of insurance, we cannot say that Bell's petition unambiguously excludes coverage. Therefore, we find no error in the trial court's award of attorney's fees to Sediment Removers for American Employers' failure to defend.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it renders judgment in favor of E.A. Bell and against Sediment Removers, Inc. and American Employers Insurance Company, and accordingly:
IT IS ORDERED, ADJUDGED AND DECREED that the demands of E.A. Bell against Sediment Removers, Inc., and American Employers Insurance Company are dismissed with prejudice. In all other respects the judgment of the trial court is affirmed. All costs of the trial court are assessed one-half to E.A. Bell and one-half to L.F. Reeves d/b/a Reco Construction Company, Inc.
Costs of this appeal are assessed one-half to E.A. Bell and one-half to American Employers Insurance Company.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.