538 So.2d 745 (1989)
Mary Jane Dees PHILLIPS and Gayle Phillips Fisher, Plaintiffs-Appellees,
v.
TOWN OF MANY, Defendant-Appellant.
No. 87-1155.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Rehearing Denied March 8, 1989.
Elizabeth Pickett, Many, for plaintiffs-appellees.
Kenneth N. Simmons, Many, for defendant-appellant.
Before GUIDRY, KNOLL and KING, JJ.
KNOLL, Judge.
Defendant, the Town of Many, appeals the judgment of the trial court awarding plaintiffs, Mary Jane Dees Phillips and Gayle Phillips Fisher, $2,000 for property damage, and $1,500 each for mental anguish, embarrassment and humiliation. On appeal, defendant contends that: (1) plaintiffs failed to prove ownership of the property: (2) plaintiffs failed to prove their damages; and, in the alternative, (3) the *746 damages awarded are excessive. We affirm.
Mary Jane Dees Phillips and her daughter, Gayle Phillips Fisher are co-owners of a house and lot in Many, Louisiana. The lot is located on the corner of Ponder and Andries Streets. Some time in 1986 the Town of Many began a drainage/street improvement project, which entailed resurfacing streets and widening the adjacent ditches. The project included Ponder and Andries Streets. Property owners affected by this project were notified by a letter from the mayor prior to commencement of the work, however Mrs. Phillips testified that she did not receive that letter. Before starting the street repair, Mr. Eddie Martin, Jr., the city coordinator, went to Mrs. Phillips' home and asked her if the city could "round off her corner." Mrs. Phillips told Mr. Martin that she did not want the city to work on her property. She told him that the ditch and all areas adjacent to the street were her private property, and she did not want the Town to dig up, remove or otherwise work on her property.
Mr. Michael Tarver, mayor of Many, recognized Mrs. Fisher in his place of business one day and he asked Mrs. Fisher if her mother had changed her mind about the street repair. Mrs. Fisher told Mr. Tarver that her mother had not changed her mind.
On April 1, 1986, city employees commenced work on Ponder Street. When they reached Mrs. Phillips' home Mr. Martin asked Mrs. Phillips if she had changed her mind about the city "rounding off her corner." Again Mrs. Phillips told him that she had not changed her mind. At that point Mr. Martin told Mrs. Phillips that they were going to do the work anyway. Thus he and several city employees commenced working in front of Mrs. Phillips' home, despite her protests that the city was working on her private property. Mrs. Phillips even showed them where the property line ran. Mrs. Fisher drove up while the city employees were digging out the ditch. Mrs. Fisher parked her van on the corner of Ponder and Andries Streets in an attempt to block the path of the work crew. Her van was parked on her property. Mr. Martin summoned the police. The chief of police, Dean Lambert, accompanied by Officer Tim Matthews, arrived at the Phillips' home and told Mrs. Fisher that if she did not move her van it would be towed away at her expense. Mrs. Fisher moved her van and the city workers continued their project. The police officers remained at Mrs. Phillips' home until the work was complete, which took approximately one hour. Several residents drove by Mrs. Phillips' home while the police officers were there; some drove around the corner two or three times to see what was going on.
The Town of Many alleges that plaintiffs failed to prove ownership of the subject property. The Town contends they acquired the property on Ponder Street through a dedicated right-of-way. While Ponder Street does have a 35 foot right-of-way, the Town failed to have a survey prepared. Instead, the town's employees simply contained their work within 17½ feet from what they considered to be the middle of Ponder Street. Defendant did not even have a survey conducted in preparation for this litigation.
Based on the above facts, the trial court reached the conclusion that plaintiffs had causes of action based on the tort of trespass and on the using or taking of private property without just compensation. The plaintiffs were awarded money to pay for the costs of repairing the physical damage defendant had occasioned, and money to compensate for plaintiffs' mental anguish, embarrassment and humiliation. These damages are available under the tort of trespass, therefore, this appeal will be analyzed on this basis rather than on the basis of an unlawful taking.
The tort of trespass in Louisiana is "an unlawful physical invasion of the property or possession of another." Patin v. Stockstill, 315 So.2d 868, 873 (La.App. 1st Cir.1975). There is no question that defendant conducted the work on certain property and that plaintiffs did not consent to this work.
In Harvey v. Havard, 287 So.2d 780 (La. 1973), as in the case sub judice, both sides *747 to the litigation alleged ownership of the disputed property. The Supreme Court affirmed the Court of Appeal, and in so doing, stated that a suit based on the tort of trespass is not one of the real actions covered by the Code of Civil Procedure. The plaintiffs in Harvey made out record title; defendant failed to prove title, thus, the Court of Appeal was correct in awarding damages to plaintiffs for defendants' trespass.
The standard of review for title determinations in trespass actions was stated by this court in Brown v. Bedsole, 447 So.2d 1177 (La.App. 3rd Cir.1984), writ denied, 450 So.2d 358 (La.1984). Brown involved the alleged cutting and removing of timber from another's property without consent. This suit was controlled in part by LSA-R. S. 56:1478.1 (currently found at LSA-R.S. 3:4278.1). Regardless of this distinguishing factor, Brown involved a trespass, as does the instant suit. As such, the title to the disputed property in Brown was at issue. Regarding this issue, this court stated that record title was found by the trial court to exist in the plaintiffs. The court then stated that, "We find no manifest error in this ruling." Thus, in order to reverse the trial court's determination of ownership in the instant case, this court must find that the trial court's ruling was manifestly erroneous.
In reference to the ownership of the land on which defendant dug out the ditch in the case sub judice, the trial court stated, in its well written reasons for judgment, that:
"The plaintiff [sic] has convinced the court through the testimony of her [sic] expert witness and by a preponderance of the evidence that the area in question was her [sic] private property. Mr. E.L. Palmer, registered surveyor with many years of experience, testified without equivocation that the work was conducted on plaintiffs [sic] private property and beyond the right-of-way. The city did not have a survey conducted and offered no affirmative proof to rebut Mr. Palmer's testimony. The city had never done any work in the area in question, and it had been maintained by Mrs. Phillips as part of her front yard. The actions of the city, therefore, constitute a civil trespass. See Patin v. Stockstill, 315 So.2d 868, (1975); Gliptis v. Fifteen Oil Co., 16 So.2d 471. Additionally, the actions of the city constitute a use or taking of private property without just compensation in violation of the Fifth Amendment of the United States Constitution."
Plaintiffs introduced the testimony of a surveyor who was accepted by the trial court as an expert. The surveyor stated that the property in question belonged to the plaintiffs and that the land was not a part of the Ponder Street right-of-way. While defendant introduced documents recorded in the parish records which clearly established that Ponder Street has a dedicated 35 foot right-of-way, defendant failed to prove that the work was conducted on the dedicated land. Thus, we find no manifest error in the trial court's determination that plaintiffs owned the property where the ditch was constructed by the defendant.
Defendant contends that plaintiffs failed to prove their damages. The law in this area is clear and is found at LSA-C.C. Art. 2324.1, which states:
"In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury."
In the case sub judice, the trial court awarded plaintiffs $2,000 to cover the cost of repairing the damage to their property. Plaintiffs submitted the deposition of Ms. Susan Sossaman, a landscape architect and planner. Her testimony indicated that it would cost $8,500 to return the property to its original condition. She also stated that if the work done by the Town was left as it is, the plaintiffs' yard could be modified to protect the land and make the yard aesthetically pleasing again. Ms. Sossaman estimated this work to cost $1,500. In fixing property damages, the trial court stated:
"Plaintiff had gone to considerable effort and expense in cultivating a rare grass, Emerald Zoysia, in her yard. Plaintiffs' expert testified that it would cost approximately $1,500.00 to grade the ditch, prepare the soil, and re-plug the area with *748 grass. These efforts, assuming successful growth, will return the yard to its original condition. The `estimate' made by plaintiffs expert was done with little preparation during the course of her deposition. The court is concerned that the estimate may be too low. For safety's sake and to insure that plaintiffs are awarded adequate monies to complete the necessary work, the court awards $2,000.00 for repair of physical damage done to the property."
The trial court could have awarded $8,500 to return the property to its original condition. The trial court gave an award for the yard to be modified to protect the land and make the yard aesthetically pleasing. It felt the $1,500 estimate by Ms. Sossaman was too low and added an additional $500. Under these circumstances, we do not find the trial court abused its much discretion.
Defendant also argues that plaintiffs failed to prove they suffered mental anguish, embarrassment and humiliation. Defendant cites Robertson v. Geophysical Service, Inc., 469 So.2d 22 (La.App. 1st Cir.1985), for the proposition that in order to recover for mental anguish a plaintiff must prove that medical or psychiatric care was required as a result of the incident which is the subject of the suit. Such a proposition is unfounded, as is demonstrated by Meyers v. Basso, 381 So.2d 843 (La. App. 1st Cir.1980), writ denied, 384 So.2d 794 (La.1980).
In Meyers, supra, the plaintiff was awarded damages for mental anguish in spite of the fact that no medical help was sought. Meyers, supra, does state, however, that minimal worry and inconvenience should not be compensated. Farr v. Johnson, 308 So.2d 884 (La.App. 2nd Cir.1975), writ denied, 310 So.2d 854 (La.1975). In reviewing awards for damages not easily susceptible to calculation, the trial court is afforded reasonable discretion in their assessment. Brown v. Delegal Const. Corp., 445 So.2d 1251 (La.App. 3rd Cir.1984).
The trial court noted several facts in rendering the judgment for mental anguish, embarrassment and humiliation. Mrs. Phillips stated at trial that she and her husband, who is now deceased, had incurred great expense and spent a great deal of time covering her lawn in a rare grass known as Emerald Zoysia. The trial court also stated that:
"... The court believes that this incident caused plaintiffs considerable embarrassment and humiliation, especially considering the visible presence of the police. Also, the court is convinced by the demeanor of the plaintiffs when testifying that they were genuinely upset or traumatized by the entire event and the loss or damage to their property. The ladies in question are respectable members of the community who have lived quiet lives without a hint of scandal. They appear to be women of tender sensibilities and should be compensated for the emotional damage suffered, coupled with their embarrassment and humiliation. Given the facts of the case, the continued presence of the police was totally unnecessary and, as discussed previously, the taking of the property unjustified. The court feels that each plaintiff should be awarded $1,500.00 for mental anguish, embarrassment and humiliation...."
The trial court's award for mental anguish, embarrassment and humiliation was adequately supported by the record, and the amount was within the trial court's reasonable discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to the Town of Many.
AFFIRMED.