STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

RANDY LACOMBE

VERSUS

MARVIN F. CARTER, JR., ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,068
HONORABLE GEORGE C. METOYER JR, DISTRICT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

**Robert G. Nida**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendants/Appellants:**
    **Shawn N. Daze**
    **Brian Mabou**

**Rodney M. Rabalais**
**Attorney at Law**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**Counsel for Plaintiff/Appellee:**
    **Randy Lacombe**

**DECUIR, Judge.**

This is a trespass action based on the defendants' refusal to remove duck blinds and other structures from the plaintiff's property.

## FACTS

Plaintiff, Randy Lacombe, purchased property adjacent to Saline Bayou. A portion of the purchased property is inundated by water due to a control structure built by the State in the 1960s. Prior to Lacombe's purchase, the defendants, Shawn N. Daze, Brian Mabou, Marvin Carter, Jr., and William L. Smith, had erected duck blinds and a floating boathouse on the property. Subsequently, Lacombe asked the defendants to remove the structures. They refused, and Lacombe filed this suit alleging trespass on the part of the defendants. Defendants then circulated flyers and posted signs stating that Lacombe was endangering hunting and fishing rights in the Saline Bayou area.

Subsequently, the defendants answered and filed an exception alleging that the inundated area is a navigable waterway and that the State of Louisiana (State) owns or has a servitude over the property and is, therefore, an indispensable party. The trial court granted the exception, and the State was joined as a party. Lacombe amended his petition to seek a declaratory judgment declaring him to be owner of the property. In addition, Lacombe requested that, if and only if the State disputed the boundary between the parties, the court fix the boundary.

The trial court declared the boundary to be as that presented in evidence, ordered the defendants to vacate Lacombe's property and remove existing structures, and enjoined them from future entry.

In addition, the trial court concluded that the defendants did trespass on Lacombe's property and awarded Lacombe damages of $5,000.00 from each of the defendants.

The defendants, Daze and Mabou, lodged this appeal.

**TRESPASS**

The defendants assert that the trial court erred in finding they had committed a trespass and in awarding excessive damages. In their brief, the defendants at once allege navigability as an issue and later decry it as a "red herring." We think they are correct in the latter instance. In the midst of much discussion about boundaries, navigable waterways, and hunting rights, the trial court was faced with a simple action in trespass. Accordingly, we will focus our attention on the tort of trespass.

In discussing trespass, this court has said:

> A trespass occurs when there is an unlawful physical invasion of the property or possession of another person. Additionally,

> In an action for trespass, it is incumbent upon the plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass. The damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. One who is wronged by a trespass may recover general damages suffered, including mental and physical pain, anguish, distress, and inconvenience.

*Griffin v. Abshire*, 04-37, p.11 (La.App. 3 Cir. 6/2/04), 878 So.2d 750, 757-58, *writ denied,* 04-1663 (La. 10/8/04), 883 So.2d 1018. (Citations omitted).

In the case before us, Lacombe is in actual possession of the property in question, and the defendants do not claim ownership in themselves. The appropriate burden of proof for Lacombe is well settled in our law.

> Under these circumstances, it is not necessary that plaintiff should show a title perfect in all respects; and, even if there be defects in plaintiff's title, they are not available as a defense to defendant company, a mere trespasser. *Jamison v. Smith*, 35 La. Ann. 609; *Stille v. Shull*, 41 La. Ann. 816, 6 So. 634; *Vicksburg, S. & P. R. Co. v. Sledge*, 41 La. Ann. 896, 6 So. 725; *Gould v. Bebee*, 134 La. 123, 63 So. 848.

2

*River & Rail Terminals v. La. Ry. & Nav. Co.,* 171 La. 223, 236, 130 So. 337, 341 (1930). "A prima facie title is good against trespassers." *Gould v. Bebee,* 134 La. 123, 126, 63 So. 848, 849 (1913).

The question for this court is whether the trial court correctly concluded that the defendants had committed a trespass. The trial court summarized the evidence in its written reasons for judgment as follows:

> Mr. Lacombe produced deeds, a survey, official state maps, and testimony showing he has title to the land where the defendants blinds and floating structures are located. He produced the expert testimony of Jessie Lachney, showing the defendants['] blinds and floating structure are located on land, acquired and included in the 2000 sale. Lachney used a GPS unit to locate the exact position of the blinds and floating structure relative to Lacombe's property line. The State's representative, John P. Evans, Jr., P.L.S. Chief, Titles, Surveys & GIS of the State Land Office, also testified that the defendants['] blinds and floating structure are on Lacombe's land and that the State makes no claim to Lacombe's inundated land.

After reviewing the evidence, it is clear that Lacombe has met his burden of proof with regard to his title and its limits. The defendants have produced no evidence that establishes the boundary is not as agreed by Lacombe and the State and represented in the judgment of the trial court. Moreover, this court has consistently held that a trial court's determination of a boundary location is a finding of fact which will not be disturbed on appeal unless it is manifestly erroneous. *Lamson Petroleum Co. v. Hallwood Petroleum, Inc.*, 99-1444 (La.App. 3 Cir. 5/24/00), 770 So.2d 786, *writ denied*, 00-2568 (La. 11/27/00), 775 So.2d 448; *see also Barker v. Quality Builders, Inc.*, 503 So.2d 1170 (La.App. 3 Cir. 1987); *Broussard v. Coleman*, 479 So.2d 1016 (La.App. 3 Cir. 1985), *writ denied*, 481 So.2d 1354 (La.1986). Accordingly, we find no manifest error in the trial court's determination that the defendants committed a trespass on Lacombe's property.

We next turn to defendants' claim that the trial court's damage award was excessive. In an action for trespass, the plaintiff must show damages based on the result or the consequences of an injury flowing from the act of trespass. *Bell v. Sediment Removers, Inc.*, 479 So.2d 1078 (La.App. 3 Cir. 1985), *writ denied*, 481 So.2d 1350 (La.1986). The damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. *Id.* One who is wronged by a trespass may recover general damages suffered, including mental and physical pain, anguish, distress, and inconvenience. *Ard v. Samedan Oil Corp.*, 483 So.2d 925 (La.1986). Mental anguish does not result of necessity from a trespass or the encroachment on a person's property. Even though mental anguish may be compensable, it must be proven with sufficient evidence. *Bell*, 479 So.2d 1078. However, mental anguish does not require proof that medical or psychiatric care was required as a result of the incident, but minimal worry and inconvenience should not be compensated. *Phillips v. Town of Many*, 538 So.2d 745 (La.App. 3 Cir. 1989).

In the present case, Lacombe was prevented from using or leasing his property to the fullest extent by the presence of defendants' blinds and floating structure. In addition, the defendants intentionally set out to attack Lacombe's standing in the community by placing flyers naming him as a party seeking to take away the hunting and fishing rights of sportsmen. Lacombe testified that some individuals quit frequenting his hardware business because of the flyers produced by the defendants. Under these circumstances, we do not find the trial court's damage award to be manifestly erroneous.

## BOUNDARY

The defendants' remaining assignments of error contest the boundary set by the trial court. At the outset, we note that this boundary is established solely for purposes of this tort action. The action for the tort of trespass is not one of the real actions provided for in the Louisiana Code of Civil Procedure. *Brown v. Bedsole*, 447 So.2d 1177 (La.App. 3 Cir.), *writ denied*, 450 So.2d 358 (La.1984). In addition, this court has held that those who hunt or fish on land that is inundated by waterways belonging to the State do not have a right of action to fix boundaries between the State and a private landowner. *Schoeffler v. Drake Hunting Club*, 05-499 (La.App. 3 Cir. 1/4/06), 919 So.2d 822. In the present case, neither Lacombe nor the State has disputed the boundary between them. We have found no manifest error in the trial court's determination of the boundary for purposes of this trespass action. Likewise, we find no grounds for allowing defendants to convert this tort action into a real action to force the State to fix a boundary between it and a private landowner. Accordingly, these assignments of error have no merit.

## FRIVOLOUS APPEAL

Lacombe requests that we award attorney fees for frivolous appeal. Under the circumstances of this case and given the lack of clarity with regard to the law as it involves inundated lands, we do not believe an award of attorney fees is warranted.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to defendants Shawn N. Daze and Brian Mabou.

**AFFIRMED.**

5