330 So.2d 376 (1976)
Mrs. Carolyn T. SCHOFIELD
v.
The CONTINENTAL INSURANCE COMPANY et al.
No. 7291.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Henican, James & Cleveland, C. Ellis Henican, New Orleans, for plaintiff-appellant.
Christovich & Kearney, Charles W. Schmidt, III, New Orleans, for defendants-appellees.
*377 Before REDMANN, SCHOTT and BEER, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing her claim against the Zulu Social Aid and Pleasure Club and its liability insurer for damages for personal injuries she sustained while observing the Zulu parade on Mardi Gras day, 1974.
Plaintiff, accompanied by her son and several of his friends, was viewing the parade in a crowd of people at the intersection of Jackson and St. Charles Avenues in New Orleans. After several floats had passed with their riders throwing the usual Mardi Gras trinkets to the crowd, one of the floats stopped in front of plaintiff and her companions due to the uneven progress of the parade.
The uncontradicted testimony is to the effect that one of the riders on the stopped float picked up a decorated coconut (a traditional Zulu favor) and threw it in plaintiff's direction. It struck plaintiff causing injuries to her face and mouth. At no time had plaintiff given any indication that she wanted a coconut, nor is there any reason to believe that the coconut was thrown to her rather than to the crowd generally.
The trial judge decided the case adversely to plaintiff on the theory of assumption of risk. He found that she understood the tradition of Mardi Gras in general and was familiar with the Zulu parade in particular so that she "assumed the risk of those acts which would normally occur during the time of watching the Zulu parade."
At the outset it is emphasized that the coconut was thrown with force in plaintiff's direction. It was not lobbed. Furthermore, the plaintiff was behind a police barricade off the street at least twenty feet from the float and the rider stood on a perch which was at least eight feet from the ground level. In his reasons for judgment, the trial judge stated that Jean Robbins indicated in her testimony "that the delivery of the coconut was somewhat in an underhanded motion and did not contain as much force as indicated by Mrs. Schofield." But this is not borne out by the record. The testimony of this witness presented by deposition contains the following: "... he [the rider] stood up and then just heaved the coconut into the crowd. It seemed to be quite forceful." Furthermore, when she was asked whether the coconut was thrown underarm or not she said, "I don't remember." Her testimony was quite consistent with that of every other witness who testified, to wit, the coconut was thrown with force.
The doctrine of assumption of risk applies where plaintiff knows and understands the risk involved in an activity and where plaintiff's choice to incur such risk is entirely free and voluntary. Pollard v. Roberts, 306 So.2d 801 (La.App. 2nd Cir. 1975). The doctrine has no application to the facts of this case.
There is no evidence that plaintiff could or should know or understand that by attending this parade she incurred the risk of having a coconut thrown from a float in her direction. There is no testimony that this had ever happened before. Indeed, the president of the Zulu organization testified that the riders are instructed to hand out the coconuts and "not to throw them because it could be dangerous throwing heavy coconuts throughout the route." He said that this had been the rule since 1949. It follows that plaintiff could not assume a risk which even the defendant disclaimed as an ordinary offshoot of its activities.
Defendants' argument as to plaintiff's contributory negligence is likewise without merit. When she saw the object flying in her direction she ducked but was too late. Defendants would fault her for not moving faster or for not putting her hands up. We disagree. It would not be *378 reasonable to insist that plaintiff perform like a baseball outfielder under these circumstances. There is no proof of any negligence on her part.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of plaintiff, Mrs. Carolyn T. Schofield, and against defendants, The Continental Insurance Company and The Zulu Social Aid and Pleasure Club, jointly and in solido in the amount of $10,1300.00, with legal interest from June 5, 1974, until paid and for all costs of the proceedings, including the costs of this appeal.
REVERSED AND RENDERED.