366 So.2d 1015 (1978)
E. L. GHOLAR and Alice Gholar, Plaintiffs and Appellees,
v.
SECURITY INSURANCE COMPANY OF HARTFORD, A. D. Singletary and Dixie Auto Insurance Company, Defendants,
A. D. Singletary and Dixie Auto Insurance Company, Defendants and Appellants.
No. 12320.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Robert J. Mack, of Mack & O'Neal, Hammond, for plaintiffs.
John W. Anthony, of Talley, Anthony, Hughes & Knight, Bogalusa, for defendants, A. D. Singletary and Dixie Auto Ins. Co.
Michael J. Paduda, Jr., of Gallaspy & Paduda, Bogalusa, for A. D. Singletary, individually.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
Defendant appealed from the assessment to it of the cost of a jury even though it was found not liable. The issue is whether a party winning a judgment can be assessed the cost of a jury because he requested a jury trial.
We amend that portion of the judgment which assesses jury costs to the defendant and affirm.
The plaintiff allegedly fell out of a truck driven by an employee of defendant while the employee was in the course and scope of his employment. The defendant requested a jury trial and posted the required security. The jury found for the defendant. The final judgment taxed the plaintiff with all the ordinary costs of the proceedings and defendant with the additional cost of a jury trial.
LSA-R.S. 13:3050 states, in pertinent part:
"In all civil cases in which a jury is prayed for and allowed, the party praying *1016 for the jury shall give bond in favor of the parish for such amount as may be determined by the judge to cover the cost of the jury, which cost shall be taxed as provided for in Louisiana Code of Civil Procedure Articles 1920 and 2164."
C.C.P. Art. 1920 gives the court discretion to assess costs but limits this discretion. The general rule is that the party cast in judgment should pay all costs of the trial. Custom Builders & Supply Inc. v. Revels, 310 So.2d 862 (La.App., 3d Cir. 1975).
A trial judge can abuse his discretion under C.C.P. Art. 1920 by assessing costs to defendants who have been found to be not negligent and who have not prolonged the trial. Johnson v. Marshall, 202 So.2d 465 (La.App., 1st Cir. 1967).
The jury found the defendant free from negligence; there is no indication that the defendant prolonged the trial. The request by defendant for a jury trial is insufficient ground to assess the cost therefore to the defendant.
We therefore amend the judgment to assess all costs to the plaintiff. The costs in this court is assessed to appellee.
AMENDED AND AFFIRMED.