CRAIN, Justice.
This appeal is from a judgment of the trial court based upon a jury verdict which dismissed plaintiffs suit. The judgment assessed jury costs against defendants Monroe Nelson (Nelson), J.T. Howell (Howell) and Southern Farm Bureau Casualty Insurance Company, (Southern). These parties appealed. Plaintiff appealed and answered the appeal asking for a reversal of the jury verdict against him.
On May 9,1981, plaintiff, James D. Mack (Mack), was driving a Dodge wrecker in an easterly direction on Louisiana Highway 10 in East Feliciana Parish. On that date, at approximately 7:15 a.m., Frank Selders, Jr., (Selders) driving a mail delivery truck, was rear-ended by a two-ton Chevrolet truck *34 being driven by Nelson. The collision between the Nelson and Selders’ vehicles caused the Selders’ vehicle to rear-end Mack’s wrecker. The collision caused the Mack vehicle to careen into a steep ditch and come to rest at about a 30-35 degree angle.
Selders was employed by Mr. Simuel Ward and insured by State Farm Mutual Automobile Insurance Company (State Farm). Nelson was employed by Howell and insured by Southern.
Mack subsequently filed suit against defendants Nelson, Selders and Howell, and their respective insurers, alleging that their joint and concurring negligence caused him to suffer serious disabling injuries for which he sought damages.
After trial, the jury answered interrogatories concluding that at the time of the collision Mack’s vehicle was stopped and he was standing outside of it. The jury found that although Mack had suffered a ruptured cervical disc, the May 9, 1981 accident was not a cause of the injury. The jury also answered interrogatories finding Nelson 80% at fault, Selders free of fault, and Mack 20% at fault. Based upon the verdict, judgment was rendered in favor of defendants rejecting plaintiff’s demands. Mack was cast for all court costs except the jury costs which were assessed to the defendants, Southern, Howell and Nelson. These defendants appeal from the portion of the judgment casting them for the costs of the jury trial. Mack answered the appeal complaining the entire judgment on the merits was in error and seeking reversal of the trial court judgment and a judgment in his favor for $100,871.53 against defendants, Southern, J.T. Howell, Nelson, State Farm, Simuel Ward, and Selders, in solido. Mack filed a separate appeal to bring in Ward and State Farm since they did not appeal from any portion of the judgment.
Mack argues that the jury verdict is factually and legally erroneous and that the trial court erred in denying the motion for directed verdict as to the liability of the defendants Nelson, Howell and Southern. He also claims in his last assignment of error that the jury was in error in failing to find that the proof established he was injured in the accident.
In support of the argument that the jury verdict was erroneous, Mack alleges that the jury’s credibility determination was clearly unreasonable and that the trier of fact may not select a clearly improbable version of an accident. He alleges his own testimony along with the testimony of his family and two doctors established a prima facie case, which was not rebutted, that the accident caused his ruptured disc.
THE CORRECTNESS OF THE JURY VERDICT
Conflicting versions of how the accident actually happened were presented. At the time of the accident Mack reported to State Trooper William Cook, the investigating officer, that he was traveling easterly on Highway 10 at approximately 45 m.p.h. when he was struck in the rear by the vehicle behind him. This collision caused his wrecker to go into the ditch resulting in his injuries.
Selders reported to Trooper Cook that he was following behind Mack’s vehicle when he was struck in the rear by the Nelson vehicle.
Nelson reported to Trooper Cook that he came up too fast on the mail truck driven by Selders so he went into the left lane to pass. However, he observed an oncoming vehicle, so he swerved back into his lane and applied his brakes. The truck started sliding on the wet road, and he hit the rear of the mail truck.
After suit was filed, Selders gave a version of the accident to Southern’s adjuster that differed substantially from the version he had previously given Trooper Cook. Selders claimed that Mack was not even in the wrecker when the accident occurred; that Mack was stopped in the highway out of gas before the accident and that he (Selders) was also stopped in the highway conversing with Mack when struck in the rear by Nelson; that Mack bribed him and *35 Nelson to falsify their reports to the trooper; that he accepted the bribe; and that it was physically impossible for Mack to have been injured in the May 9, 1981 accident.
Selders testified to this version of the accident at trial. Mack testified to his original version and Nelson changed to the extent that his trial testimony was that Mack and Selders’ vehicles were stopped in the road ahead of him prior to the collision.
The medical evidence does not assist in resolving the conflicting testimony. Dr. Piker, Mack’s treating physician, and Dr. Flynn, a neurosurgeon, both examined Mack with reference to cervical complaints after the May 9 accident. Both found a possible cervical strain. However, Dr. Flynn recommended no follow-up after his June 11, 1981 examination. He did not see Mack again until March 4, 1982, at which time a diagnosis was made of a ruptured cervical disc and nerve root compression which was surgically repaired. However, Mack had been involved in another accident on February 16, 1982.
When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluation and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Upon review of the record, we find the jury did not select a clearly improbable version of the accident and that the jury’s credibility determination was not clearly unreasonable.
We are not persuaded by Mack’s argument that the defendants had the burden of proving their defense by clear and convincing evidence because it constitutes an allegation of fraud. Defendants simply denied Mack’s injury and introduced the proof they had in support of that denial. No objection was made to the admissibility of their evidence. The answer of the jury to the interrogatories indicates only that they did not find the accident to be a cause of the injury. A finding of fraud is not necessary to reach this conclusion, simply a refusal to accept plaintiff’s claim. This assignment of error is without merit.
Mack argues that the trial court erred in denying the motion for directed verdict as to the liability of Nelson, Howell and Southern Farm and in submitting the question of Mack’s negligence to the jury. Our review of the record reveals sufficient evidence of Mack’s negligence to require submitting the question to the jury. In doing so the trial court was not in error.
JURY COSTS
Appellants, Southern, Nelson and Howell argue the trial court erred in casting them for the costs of the jury trial solely on the ground that they requested the jury trial.
La.C.C.P. art. 1920 provides for assessment of costs to the party cast in judgment, except costs may be rendered against any party the court considers equitable. Jury costs cannot be assessed against a party not found liable on the sole ground that the party requested the jury trial.[1] Gholar v. Security Ins. Co. of Hartford, 366 So.2d 1015 (La.App. 1st Cir.1978). This rule applies even though a party is found negligent but not liable. *36 Gholar, 366 So.2d at 1016. Therefore, that portion of the judgment assessing the jury costs to the appellants, Southern, Nelson and Howell is reversed.
For the reasons assigned, the judgment of the trial court in favor of defendants is affirmed. That portion of the judgment assessing the jury costs to defendants, Southern, Nelson and Howell is reversed. Costs of the jury are taxed to the plaintiff as well as the costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
SHORTESS, J., concurs for reasons assigned.

. It appears that the legislature may intend to prohibit the assessment of civil jury costs as court costs altogether, thus requiring the party requesting the jury and posting the bond to be responsible for all jury costs. The only costs that can be taxed against a litigant are those provided for by a positive law. Gore v. American Motorists Insurance Company, 244 So.2d 894 (La.App. 1st Cir.1971). La.R.S. 13:3050 required that civil jury costs be assessed as court costs. Acts. 1983, No. 534 repealed La.R.S. 13:3050 and re-enacted it as La.C.C.P. arts 1733 and 1734. Assessment of jury costs as court costs was omitted. However, the legislature failed to amend La.R.S. 13:4533. We had interpreted this article to allow the cost of feeding civil jurors as court costs. Meyers v. Basso, 381 So.2d 843 (La.App. 1st Cir. 1980). Certainly, if the meals can be taxed as costs, mileage, per diem and other relevant jury costs are also taxable. Thus, an amendment of La.R.S. 13:4533 or our overruling of Meyers, 381 So.2d 843 will be necessary in order to accomplish what obviously should be done; requiring the party requesting the civil jury trial to bear the expense.