449 So.2d 530 (1984)
Anthony J. GIARRATANO
v.
The KREWE OF ARGUS, INC. and Puritan Insurance Company.
No. 83-CA-486.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Rehearing Denied May 17, 1984.
*531 Richard M. Michalczyk, Cronvich, Wambsgans & Michalczyk, Metairie, T. Robert Lacour, Kenner, for Anthony J. Giarratano plaintiff-appellee.
Robert E. Winn and Shirley A. Nassif, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for The Krewe of Argus, Inc. and Puritan Insurance Company defendants-appellants.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
BOUTALL, Judge.
Appellants, the Krewe of Argus and its insurer Puritan Insurance Company, appeal a judgment of $75,000.00 rendered against them as the result of an injury to a Mardi Gras parade spectator. We affirm for the reasons which follow.
Plaintiff-appellee Anthony J. Giarratano sustained a severe eye injury while attending the Krewe of Argus parade with his family on February 7, 1978. Mr. Giarratano suffered extensive and permanent damage to the vision in one eye when a stuffed mouse on a pointed cane, some 30-36 inches long, was thrown or dropped from an Argus float and penetrated his eye.
On the morning of trial plaintiff settled with the two named individual defendants, Mr. Lee and Mr. Morton, who had been maskers on the float. At the time of settlement the trial judge also dismissed the Krewe of Argus' third party demands against Lee and Morton. Trial proceeded against the sole remaining defendant, the Krewe of Argus, with the jury returning a verdict in favor of plaintiff in the amount of $75,000.00.
Raised on appeal are two jury instructions which the trial court refused, and questions of law regarding contribution among joint tortfeasors.

ISSUES
(1 & 2) Whether the trial court erred in refusing to instruct the jury on assumption of risk and in refusing to provide jury interrogatories on that issue.
(6) Whether the trial court erred in refusing to submit separate jury charges and interrogatories on independent negligence of the Krewe of Argus versus its vicarious liability.
(3 & 4) Whether the trial court erred in failing to submit to the jury charges and interrogatories on whether Morton and Lee were joint tortfeasors with the Krewe and also (5) erred in failing to grant the Krewe a 2/3 pro rata reduction of the judgment in light of the alleged joint liability of the aforementioned individuals.

ASSUMPTION OF RISK
The facts of this case are basically uncontested. At the time of the injury, plaintiff was an employee of Manufab, Inc., owned by Mr. Morton and Mr. Lee. Plaintiff and his family were told ahead of time which float his employers would be riding on in the Krewe of Argus parade. Plaintiff, his wife, and their two young children positioned themselves at the front line of the crowd, according to plaintiff's testimony, some 5 to 10 feet from passing floats. As the float carrying Lee and Morton passed, plaintiff was leaning down to talk to his son, who was asking to sit on his father's shoulders. As plaintiff straightened up, a mouse on a pointed stick, one among a "hail" of such favors being dropped to the Manufab group, struck him in the eye. Anthony Giarratano suffered a punctured cornea, necessitating two operations and resulting in permanent damage to his vision.
Appellant, the Krewe of Argus, has argued in its Motion for New Trial and on appeal that the trial court erred in refusing *532 to instruct the jury on the defense of assumption of risk. We agree that the trial court was in error in not submitting this issue to the jury, since assumption of risk is a question of fact to be determined by an evaluation of the plaintiff's subjective knowledge in each case. See Dorry v. Lafleur, 399 So.2d 559 (La.1981); Restatement, Second, Torts, Sec. 496 D comment e.
Under the authority of art. V sec. 10(B) of the Louisiana Constitution of 1974 and Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), we have the jurisdiction to make findings of fact which have been erroneously excluded from the jury's consideration at the trial court level. Accordingly, we have reviewed the entire record in order to determine the assumption of risk issue.
Since Dorry v. Lafleur, supra, the proof requirement for the applicability of the assumption of risk defense has consisted of the following three factors: (1) the plaintiff must have actual knowledge of the dangerous condition, (2) there must be appreciation of its dangerous quality, (3) there must be a voluntary assumption of the danger. This is a subjective standard which turns on the facts and circumstances of each individual situation. Prior to Dorry, the inquiry employed was "what the plaintiff knew or should have known." See Colclough v. Orleans Parish School Board, 166 So.2d 647 (La.App. 4th Cir. 1964). As the Dorry opinion aptly points out, this former inquiry into what the plaintiff should have known falls more correctly into the realm of contributory negligence. We need not deal with the issue of plaintiff's contributory negligence in the present case. In response to interrogatories the jury specifically found that plaintiff was not contributorily negligent.
Applying the factors set out in Dorry v. Lafleur, supra, to the case now before us, we conclude that in this instance plaintiff did not assume the risk of his injury. Plaintiff here testified that from his experience at previous parades he had never witnessed the type of favor which injured him being thrown from floats. He testified that to his knowledge unusual favors were handed down, sometimes in plastic bags.
Appellant has argued that experienced spectators at Mardi Gras parades must assume that they run the risk of being struck by flying objects. We decline to subscribe to such a sweeping application of the assumption of risk doctrine to the exclusion of all negligence.
A parading Krewe is at least under the minimum standard of care imposed by La. C.C. art. 2315 to act in a reasonable and prudent manner. We are not convinced that anyone merely watching a parade from the sidelines knows or must know from previous experience that coconuts will be thrown at him like baseballs, or, as in the case here, that long-pointed sticks, thrown almost simultaneously by two and possibly three maskers, will be showered on his head from an unusually high float. It is in this respect that the present case resembles Schofield v. Continental Ins. Co., 330 So.2d 376 (La.App. 4th Cir.1976). In that case a Mardi Gras spectator received a Zulu coconut full in the face. In that case, as in the present one, the manner in which the injury was inflicted represented an unforeseeable deviation from any reasonable standard of care, not foreseen and thus not assumed by the spectator. Assumption of risk under these circumstances is not a viable defense. We must add, however, that we do not interpret the Schofield case to stand for the proposition that assumption of risk may never apply in the case of an injured parade spectator. Each case depends on its own facts and circumstances.
Finally, we would briefly address the proviso in Dorry v. Lafleur, supra, at 563, that (in light of the 3 requirements set out therein):
This is not to say that the plaintiff's disclaimer of knowledge or appreciation must be taken at face value. This is a fact question. And there are some risks that every man must be held to appreciate, (see Restatement, supra, comment

*533 d). There is a plain difference, however, between what one must have known (a finding of actual knowledge) and what one should have known (the imposition of an objective standard of care).
Comment d to the Restatement, Second, Torts, Sec. 496(D), cites, inter alia, the following examples of risks which an adult must be held to appreciate: the risk of burning oneself when one comes into contact with fire, the risk of falling from a high place, of drowning in a body of water, or, the "normal and ordinary risks" attendant to a particular locale if the person is well acquainted with it.
We find that although plaintiff had previously attended many Mardi Gras parades, his testimony substantiates that he was not aware of the particular risk which injured him, nor was the throwing of a 30-36 inch pointed stick in his direction such an apparent or "normal and ordinary risk" that he must be held to have appreciated the risk of harm in the manner in which it befell him.
We conclude that the preponderance of evidence shows that plaintiff did not assume the risk of this injury.

Independent versus vicarious liability of the Krewe of Argus
Appellant Krewe of Argus has argued that the evidence at trial proved only that the individual maskers were negligent, and that no relationship permitting vicarious liability of the Krewe itself exists. Therefore, appellant argues, the trial court erred in refusing to give the jury a separate instruction on independent liability versus vicarious liability.
The trial court did give the following instruction:
The Louisiana Law in this regard provides:
"Every act whatever of man that causes damage to another obligates him by whose fault it happened to repair it." Fault in this law is meant to be the same as negligence. Negligence is defined as the lack of due diligence or care. In the legal sense, negligence means the failure of a party to use due care in a particular set of circumstances. In other words, negligence is the failure of a party to use the standard of care which an ordinary reasonable and prudent person would use under a similar set of circumstances. Basically, each of us has the duty not to injure or damage another as a result of our fault or negligence.
A person can be at fault by an unreasonable act of commission or by omission. In other words, if a person fails to perform some act which a reasonable prudent person would perform, and such failure to act causes injury of any type to another, that failure or omission is negligence, the same as if that person would not have acted under similar circumstances. In short, negligence is the failure to exercise reasonable care towards another person to whom a duty to exercise reasonable care is owed, and negligence includes omissions as well as commissions.
We note at the outset the familiar principle of law that the trial court is bound to instruct the jury only on the law which pertains to the evidence adduced in that particular case. Jackson v. West Jefferson General Hospital, 245 So.2d 724 (La.App. 4th Cir.1971); USF & G v. Sanders Drilling, 396 So.2d 1353 (La.App. 3rd Cir.1981).
Considering that the individual defendants had been dismissed from the case, as well as the third party demand by the Krewe of Argus against them, there was a sole defendant on trial: the Krewe itself. The basic issue raised was not whether Lee or Morton was negligent and thus the Krewe of Argus vicariously liable, but whether the Krewe was itself negligent and liable for its own negligence. There appears in the record a charge that each party's negligence was to be considered independently without regard to the other parties. Correspondingly the interrogatories presented to the jury were directed only to the negligence of the Krewe of Argus:

*534 "Was the defendant, Krewe of Argus, Inc., at fault or negligent in causing plaintiff's injuries?"
There is sufficient evidence in the record to support the jury's conclusion that the Krewe of Argus, by its failure to set out basic safety guidelines for its members to follow, by its failure to inform and educate its members as to the potential for various types of injury to occur to spectators, and by its failure to supervise the types of throws bought by its individual members, was guilty of negligence by omission.
In light of the procedural posture of this case and the evidence, it was not error for the trial court to refuse to instruct the jury on the absence of vicarious liability in this case.

Contribution among Joint Tortfeasors
Appellant argues, in Assignments of Error 3, 4, and 5, that the trial court erred in not submitting to the jury the issue of the liability of Mr. Morton and Mr. Lee as joint tortfeasors with the Krewe of Argus, or in the alternative that the trial court erred in not making that finding itself, which should have resulted in a 2/3 reduction of the $75,000.00 award against the Krewe of Argus.
Defendant-appellant, and not the plaintiff, had the burden of proving the liability of Mr. Morton and Mr. Lee as joint tortfeasors, since they settled with the plaintiff prior to trial. Raley v. Carter, 412 So.2d 1045 (La.1982). The trial court, in its Denial of Motion for New Trial, expressly found that defendant-appellant had not met its burden of proof in this regard. We find no manifest error in this holding.
The testimony of Mr. Morton and Mr. Lee, when called by defendant-appellant, was brief and inconclusive. Both men recounted their recollection of the 1978 Argus parade, both admitted to throwing the type favor which injured plaintiff, but neither could say who had thrown the particular favor which injured Mr. Giarratano. Mr. Morton testified that he saw the actual injury occur, but could not determine, in the midst of the bedlam, where it had come from. Mr. Lee testified that all the maskers bought their own favors, and that this particular one was a big seller. As mentioned earlier, since the throws were not inspected for suitability prior to the parade it is not known, nor was any testimony offered as to whether other maskers were also throwing this type favor.
The balance of the testimony of the two men concerned what, if any, safety precautions and guidelines they had been given prior to the parade.
Pretermitting the question of whether Mr. Lee and Mr. Morton were insureds under the Puritan liability policy, which would bar the Krewe's claim for contribution as a matter of law, we affirm the trial court's holding that the Krewe did not carry its burden of proof on the issue of joint liability of Mr. Lee and Mr. Morton.
For the reasons above, we affirm the judgment appealed.
AFFIRMED.