559 So.2d 921 (1990)
James BURKS and Ruthie Burks, Plaintiffs-Appellants,
v.
Katherine L. McKEAN, et al., Defendants-Appellees.
No. 21341-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
Rehearing Denied May 3, 1990.
*924 Raymond Lee Cannon, Tallulah, for plaintiffs-appellants.
Hayes, Harkey, Smith, Cascio & Mullens by Charles S. Smith, Monroe, for defendant-appellee, State Farm Mut. Auto Ins. Co.
Theus, Grisham, Davis & Leigh by David H. Nelson, Monroe, for defendant-appellee, Sec. Nat. Ins. Co.
Before HALL, SEXTON and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Ruthie Burks ("plaintiff") and her husband appeal a judgment, rendered on a jury verdict, rejecting their respective claims for personal injury and loss of consortium. For the reasons hereinafter expressed, we affirm.

FACTS
Around 5:30 or 6:00 p.m. on November 4, 1984, plaintiff and several other members of a gospel singing group left Tallulah, in two cars, to attend a church function in Winnsboro. Four passengers were in plaintiff's car, while several others rode in the following vehicle driven by the Reverend F.D. Williams. Both cars began the trip headed west on 1-20.
After traveling about two miles, plaintiff realized that one member of the group had been left behind. She pulled off on the paved shoulder, and Reverend Williams did likewise. Plaintiff asked Williams if he would drive her car across the interstate median so that she could return to Tallulah and pick up the missing singer. He agreed and, after she and her passengers walked into the median to determine if the ground at that location was too wet, plaintiff signaled to Williams to come across. Then, as she watched, he drove her car to the inside shoulder of the eastbound portion of the interstate.
Plaintiff was about to walk over the median to her car, when she heard someone back at the other vehicle yell to her. Turning to answer, she saw a light and attempted to escape from the path of an oncoming westbound Honda automobile driven by Katherine McKean ("defendant") and owned by her cousin, Stacey Hall, a passenger. The parties disagree over whether plaintiff, clad in a bright orange dress, was on the highway or in the grassy median. Unfortunately, though, the car struck plaintiff's right heel, causing serious injury.
After stopping and speaking with two of plaintiff's companions, defendant attempted to drive across the median in order to follow plaintiff to the hospital in Tallulah; however, the Honda got stuck. While walking eastbound on the interstate, defendant and Hall were picked up by Leon Minsky, who took them into town. They were assisted by Mr. Minsky in contacting their parents, the authorities, and the hospital. He later returned to the accident site with them during Trooper Damon Williams' investigation.
Plaintiff and her husband filed suit, proceeding in forma pauperis, against McKean, USAA (liability insurer of the Hall car), and Security National Insurance Company (plaintiffs' UM insurer). State Farm Mutual Automobile Insurance Company, McKean's liability insurer, was added by amended petition. USAA, the primary carrier, made a settlement of $65,000 and was dismissed from the suit. The parties then stipulated that total damages awarded must exceed that insurer's $100,000 policy limits for any recovery to occur against State Farm, the excess carrier. At trial, McKean was found free of negligence in causing the accident. This appeal, involving twelve assignments of error, ensued.

ASSIGNMENTS OF ERROR NOS. 1, 3 AND 8
In these assignments, plaintiff complains that the trial court failed to give her proposed jury instructions concerning a nighttime motorist's duty toward pedestrians, the statutorily required lighting on automobiles, and the compensability of pain. Also, she decries as erroneous the inclusion of *925 defendant's proposed instruction number 11, which posited that a motorist has no obligation to assume or anticipate that an adult pedestrian on a highway shoulder will walk into his vehicle's path. Plaintiff had objected that there was no evidence of her so proceeding into the car's path.
A trial judge is not required to give the precise instructions submitted by the litigants; he need only give instructions that properly reflect the applicable law and adequately convey the issues to the jury. Fuller v. U.S. Aircraft Ins. Group, 530 So.2d 1282 (La.App. 2d Cir.1988), writ denied, 534 So.2d 444 (La.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1954, 104 L.Ed.2d 424 (1989); Creel v. S.A. Tarver and Son Tractor Co., 537 So.2d 752 (La.App. 1st Cir.1988). In addition, the court is bound to instruct the jury only on the law which pertains to the evidence adduced. Giarratano v. Krewe of Argus, Inc., 449 So.2d 530 (La.App. 5th Cir.1984), writ denied, 456 So.2d 170 (La.1984).
Plaintiff's submitted instructions postulated rather detailed statements of the standard of care supposedly owed pedestrians by a nocturnal motorist. The trial judge simply instructed the jury that, "A driver of an automobile at night is under a never ceasing duty to always keep a sharp lookout ahead to discover the presence of persons who might be in danger." While abbreviated, that instruction properly reflected the law and adequately conveyed the issue to the jury. Hence, no error arose from the failure to utilize plaintiff's proposed charges.
Although correctly stating the statutorily mandated lighting for automobiles, plaintiff's requested instructions on that subject were not pertinent inasmuch as no evidence suggested that defendant's car lighting lacked compliance with the law. Further, since we affirm the jury's exoneration of defendant from liability, it is superfluous to discuss plaintiff's proposed instructions relative to pain. Finally, considering the totality of the evidence and the dispute as to whether or not plaintiff was on the roadway or on the grassy median at the time of her injury, no error resulted from giving defendant's charge number 11.

ASSIGNMENTS OF ERROR NOS. 4, 5 AND 6
In these specifications, plaintiff complains about statements made by defendant's attorney during closing argument. In particular, when pointing out that no tire tracks from the Honda were evident in the median on either the evening of the accident or the next day, the attorney remarked that he and everyone else had seen such tracks by other vehicles on other occasions when driving the interstate. Additionally, in concluding his argument, he stated, "I also want to apologize because I thought this case would end a lot sooner.... But you know who took the time.... You know how long I took to put on my case and how long Plaintiff took to put on theirs." Finally, when referring to the testimony of plaintiff's rehabilitation consultant, he declared, "What did he do? He told us that Madison Parish was economically depressed. We already know that. So is Ouachita Parish, where I live. We're all having a bad time."
While counsel has great latitude in argument and may engage in fair advocacy not designed to inflame the jury, he should confine his argument to the evidence admitted and the inferences that may properly be drawn from it. Ogletree v. Willis-Knighton Memorial Hospital, 530 So.2d 1175 (La.App. 2d Cir.1988), writ denied, 532 So.2d 133 (La.1988). In Temple v. Liberty Mutual Ins. Co., 316 So.2d 783, 793 (La. App. 1st Cir.1975), reversed on other grounds, 330 So.2d 891 (La.1976), the court stated:
The test of whether argument of counsel is prejudicial or inflammatory is whether such comment is unreasonable or unfair in the eyes of the law. When the language used is such as discloses a studied purpose to arouse the prejudices of the jury based on facts not in the case, the court cannot overlook it or consider that a party against whom such effort has been made has had a fair consideration of his case at the hands of the jury.
*926 The remarks concerning the tire tracks and the rehabilitation consultant's testimony do not evince an impermissible attempt to arouse jury prejudice. Indeed, rather than being inflammatory, the attorney's observations appear to be fair comments on the evidence. The statement regarding the length of the trial, while unnecessary and irrelevant, was not prejudicial. Having sat through the entire trial, the jury doubtless was well aware of whether or not one particular litigant unduly prolonged the proceedings. In addition, the judge instructed the jurors both that attorneys' statements and arguments were not evidence and that personal feelings or prejudice should not influence their decision. Thus, even if objectionable, the statement in question was adequately neutralized by such a correction.

ASSIGNMENT OF ERROR NO. 7
Under questioning by her attorney, plaintiff stated that she had a handicapped sticker on her automobile. Claiming that fact was probative of nothing, defense counsel interposed an objection which was sustained. However, in the course of ruling, the trial judge remarked, "I think I commented I have one myself because my husband is handicapped." Believing the judge's statement to be an impermissible comment on the evidence, plaintiff asked for a mistrial, but the motion was denied. That denial is now assigned as error.
A trial judge should avoid commenting on the evidence; however, comments which do not prejudice the jury are not improper and do not constitute reversible error. Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (La.App. 1st Cir.1983), writ denied, 434 So.2d 1106 (La.1983); LeBlanc v. K-Mart Apparel Fashions Corp., 399 So.2d 753 (La.App. 3rd Cir.1981).
Because a mistrial results in the discharge of one jury and the empaneling of another to try the case anew, Spencer v. Children's Hosp., 432 So.2d 823 (La. 1983), it is obviously a drastic remedy. Broad discretion is vested in a trial judge to grant a mistrial where no other remedy would afford relief, or where circumstances indicate that justice may not be done if the trial continues. Streeter v. Sears, Roebuck and Co., Inc., 533 So.2d 54 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La.1989). The court's gratuitous statement in the present case, even if viewed as a comment on the evidence, did not warrant a mistrial. As disclosed by the record, the trial judge soon admonished the jury that she only meant to rule on the admissibility of the evidence and that her previous remark should be ignored.

ASSIGNMENT OF ERROR NO. 11
Plaintiff complains about the trial court's refusal to allow inquiry concerning a traffic citation given to defendant and then apparently dismissed. By pre-trial motion, plaintiff had sought permission to demonstrate at trial that Mr. Minsky, a relative of the Madison Parish District Attorney, was biased or interested since he allegedly requested the investigating officer not to issue the ticket.
Because the record discloses that Hall and defendant were unacquainted with Mr. Minsky prior to his picking them up on the interstate after the accident, it is difficult to categorize him as an interested witness. Furthermore, plaintiff sought to discredit the witness based on his discussion of a traffic citation issued to defendant rather than to Mr. Minsky himself. No witness can be questioned as to arrests or indictments, but only as to convictions. LSA-R.S. 15:495 (now repealed); Rodrigue v. Matherne, 416 So.2d 577 (La.App. 1st Cir. 1982). Cf. LSA-C.E.Art. 609F. Thus, since questioning defendant concerning the citation would have been impermissible, interjection of the issue under guise of demonstrating Mr. Minsky's alleged bias was likewise improper. The minimal probative value of the excluded evidence under the facts of this case is clearly outweighed by the prejudice that would inure from the jury's awareness of the citation itself.

ASSIGNMENT OF ERROR NO. 9
Approximately one week after the conclusion of the trial, plaintiff filed a "Motion *927 To Proffer Evidence," which listed six items of evidence generally concerning plaintiff's medical treatment and Mr. Minsky's alleged bias as supposedly reflected by the traffic citation topic. Although none of the subject testimony had been offered during the protracted trial (which was continued to January 4, 1988 after jury selection began in July 1987), the court's denial of the post-trial motion is now urged as error. Of course, with respect to the pre-trial motion mentioned in assignment number 11, plaintiff's position had been adequately preserved for the record.
LSA-C.C.P. Art. 1636 provides as follows:
When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence. In all cases the court shall state the reason for its ruling as to the inadmissibility of the evidence. This ruling shall be reviewable on appeal without the necessity of further formality.
If the court permits a party to make a complete record of the evidence held inadmissible, it shall allow any other party to make a record in the same manner of any evidence bearing upon the evidence held inadmissible.
As the foregoing article indicates, evidence must be presented at trial and ruled inadmissible to be the subject of a proffer. Hence, the trial court's denial of plaintiff's motion was not improper. In any event, as stated, part of the proffered evidence pertained to plaintiff's physical condition, a matter of no legal concern in light of our affirmance of defendant's freedom from liability. Also, with assignment number 11 being rejected, the denial of the rest of the listed proffer did not prejudice plaintiff.

ASSIGNMENT OF ERROR NO. 10
In this assignment, plaintiff asserts that the trial court erred in declining to amend the pretrial order so as to permit additional medical testimony by an orthopedist who had treated her. Because such evidence relates to quantum rather than liability, we need not determine the correctness of the trial court's action.

ASSIGNMENT OF ERROR NO. 12
Next, the trial court's assessment of all court costs, including jury costs, against plaintiff is asserted as error.
Of course, a judgment for costs may be rendered against any party, as the court considers equitable. LSA-C.C.P. Art. 1920. The general rule, though, is that the party cast in judgment should pay all costs of trial. Gholar v. Security Ins. Co. of Hartford, 366 So.2d 1015 (La.App. 1st Cir.1978). Assessment of costs lies within the discretion of the trial court and will not be reversed unless there is an abuse of discretion. Johnson v. Hendrix Manufacturing Co., Inc., 475 So.2d 103 (La.App. 2d Cir. 1985); Succession of Batton v. Prince, 384 So.2d 506 (La.App. 2d Cir.1980). When a prevailing party is taxed with the costs of litigation, it is usually because that party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Freeman v. Garcia, 495 So.2d 351 (La.App. 2d Cir.1986). Jury costs cannot be assessed against a party found not liable on the sole ground that the party requested the jury trial. Mack v. Southern Farm Bureau and Casualty Ins. Co., 447 So.2d 32 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1346 (La.1984).
A review of the record establishes that the trial court did not abuse its discretion in casting plaintiff for all costs.[1] Accordingly, plaintiff's complaint is meritless.

*928 ASSIGNMENT OF ERROR NO. 2
In response to the first question propounded in the special verdict form submitted to them, all six jurors agreed that defendant was not guilty of negligence or fault which was a proximate cause of the accident. That finding is alleged to be clearly erroneous.
Of course, it is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong;" and where there is conflict in the testimony, reasonable evaluations of credibility and inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Canter v. Koehring Co., 283 So.2d 716 (La.1973). The manifest error-clearly wrong standard demands that great weight be given to the findings of the trier of fact since the trial court is in a better position to evaluate the credibility of witnesses. Boulos v. Morrison, 503 So.2d 1 (La.1987). In the absence of documents, objective evidence, or internal inconsistency which would cause a reasonable fact finder not to believe a witness's story, a decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, supra.
In Fields v. Senior Citizens Center, Inc., 528 So.2d 573, 580 (La.App. 2d Cir.1988), this court, in discussing the duty owed by a nighttime motorist, stated the following:
Motorists driving at night are not charged with the duty of guarding against striking an unexpected or unusual obstruction, which is difficult to see, and which he had no reason to anticipate he would encounter on the highway. Frank v. State Farm Mutual Automobile Ins. Co., 254 So.2d 102 (La. App. 3rd Cir.1971). Furthermore, a driver is liable for striking a pedestrian only when there is an opportunity to appreciate the pedestrian's peril in time to avoid the accident. McKenzie v. New Orleans Public Service, 455 So.2d 678 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1043 (La.1984).
Although none of her traveling companions saw the accident, plaintiff maintains that she was in the grassy median when struck. Defendant and Hall, on the other hand, contend that their vehicle never ventured off onto the median and was at all times entirely within the inside westbound lane. Also, both testified that defendant, when driving, had a tendency to hug the right side of the lane in which she traveled. While at the accident scene soon after the mishap, neither Trooper Williams nor Mr. Minsky observed any tire tracks in the grass near the edge of the road. In light of such evidence, then, the jury was not clearly wrong in implicitly finding that defendant remained on the road and struck plaintiff there, rather than in the median.
Immediately prior to the accident, defendant, whose car lighting was in compliance with law, had changed to the left-hand lane to pass another vehicle. At trial, she theorized that the car being overtaken obscured her view of the Reverend Williams' automobile, parked on the side of the road. Hence, under these circumstances, defendant had no reason to anticipate plaintiff's presence, especially on an interstate highway whose use by pedestrians is proscribed by statute. LSA-R.S. 32:263(C). Also, the record reveals that the portion of the highway where the accident occurred was unlighted, and that the night was cloudy. Defendant, then, encountered a pedestrian in an unusual, unexpected manner and location. The jury's finding of no negligence fails to disclose any manifest error.

CONCLUSION
For the foregoing reasons, the judgment appealed is affirmed. All costs of this appeal are to be borne by appellants.
AFFIRMED.
SEXTON, J., concurs, disagreeing somewhat with the treatment of Assignment of Error No. 11.

*929 ON APPLICATION FOR REHEARING
Before HALL, SEXTON, HIGHTOWER, FRED W. JONES, Jr., and MARVIN, JJ.
Rehearing denied.
NOTES
[1] This case came before this court previously on a writ application. See Burks v. McKean, 544 So.2d 502 (La.App. 2d Cir.1989). On that occasion, the decision reversed the district court decision and allowed plaintiff to proceed in forma pauperis on this appeal; appellate costs were also reduced. The appropriateness of assessing plaintiff with all trial court costs was not discussed at that time. However, we noted that a judgment assessing costs is not the property of the clerk of court, but rather is a matter between the litigants. The clerk may proceed against only the party responsible for incurring the costs.