577 So.2d 792 (1991)
Mary L. FULLER, Plaintiff-Appellant,
v.
WAL-MART STORES, INC. and National Union Fire Insurance Company, Defendants-Appellees.
No. 22267-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*793 Rellis P. Godfrey, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Vicki C. Warner, Shreveport, for defendants-appellees.
Before MARVIN, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The plaintiff, Mary Fuller, appeals the trial court judgment in favor of the defendants, Wal-Mart Stores, Inc., and its insurer National Union Fire Insurance Company. For the reasons assigned below, we affirm.

FACTS
This case has been before this court on a previous occasion and the facts are set forth in detail in Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2d Cir.1988). For purposes of this opinion, it is sufficient to state the following: On March 21, 1985, Mrs. Fuller and her daughter went to the Wal-Mart Discount Store on Shreveport-Barksdale Highway in Shreveport, Louisiana. Mrs. Fuller testified that while shopping in the garden area she caught her foot on the tongue of a garden cart which was protruding into a walkway. She testified that this injury aggravated a pre-existing knee injury. At the first trial, following the presentation of the plaintiff's case, the defendants moved for a judgment of involuntary dismissal under LSA-C.C.P. Art. 1672(B), which was granted. On appeal, this court reversed the judgment. We found that the plaintiff had established a prima facia case sufficient to shift the burden of proof to Wal-Mart to exculpate itself from the presumption of negligence as required by McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987). Accordingly, the case was remanded to the trial court for further proceedings.
On remand, Wal-Mart presented the testimony of three employees, all of whom refuted Mrs. Fuller's testimony that the tongue of the cart was protruding into the customer walkway. The testimony of the cashier, Betty Ogea, the assistant manager, Connie Kurz, and the general store manager, William Hite, established that the cart was part of a wall or barricade of merchandise which formed one side of an aisle. They testified that no portion of the cart protruded into the walkway.
In its written opinion, the trial court found that Wal-Mart had exculpated itself from the presumption of negligence. The court specifically found, as a fact, that the tongue of the cart was not protruding into the aisle and that it was neither negligently placed or maintained. The trial court also found that the plaintiff had exaggerated her version of the facts. Consequently, the trial court rendered judgment in favor of Wal-Mart and its insurer, rejecting Mrs. Fuller's demands at her cost.
The plaintiff appealed. She made several assignments of error, which we believe can be concisely summarized in one assignment, as follows: the trial court erred in finding that the evidence presented at trial *794 established that Wal-Mart had successfully rebutted the presumption of negligence.

PRESUMPTION OF NEGLIGENCE
The plaintiff argues that the trial court failed to apply the McCardie burden of proof. She further contends that the trial court erred in its factual findings that: (1) the tongue of the cart was not protruding into the walkway; (2) the plaintiff was not injured at Wal-Mart on March 21, 1985; and (3) the plaintiff's testimony was suspect.
A storekeeper owes an affirmative duty to those who use the premises to exercise reasonable care to keep the aisles, passageways and floors in a safe condition. Kavlich v. Kramer, 315 So.2d 282 (La. 1975). After a plaintiff has made a prima facie case that a foreign substance or obstruction on the floor of a self-service store caused the plaintiff to slip or trip and thus sustain injury, the burden of proof then shifts to the store owner to exculpate itself from the presumption that it was negligent. Kavlich, supra; McCardie, supra; Fuller, supra.
Notwithstanding this shift in the burden of going forward with the evidence, the store owner is not the insurer of the customer's safety and is not liable unless the totality of the evidence establishes fault under the Civil Code. Dickson v. Wal-Mart Stores, Inc., 535 So.2d 800 (La. App.2d Cir.1988).
It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings. For only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. Esco, 549 So.2d 840 (La. 1989).
In the absence of documents, objective evidence, or internal inconsistency which would cause a reasonable factfinder not to believe a witness's story, a decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Rosell, supra; Burks v. McKean, 559 So.2d 921 (La.App. 2d Cir.1990), writ denied 566 So.2d 398 (La.1990).
In the instant case, the trial court obviously applied the correct burden of proof. The plaintiff initially established a prima facia case of an unreasonably dangerous condition with her testimony that the tongue of the cart was protruding into the walkway. It was incumbent upon Wal-Mart to refute the resulting presumption of negligence. This it did through the testimony of its employees who specifically testified that the tongue of the cart was not jutting out into the intended path for customers. In fact, the employees testified that the tongue of the cart was under a rack of hanging baskets on display next to the cart. The cart was one item in a wall of merchandise deliberately placed close together to form one side of a customer walkway. Such a placement of the cart was reasonable under the facts of this case.
The trial court found the Wal-Mart employees to be more credible than Mrs. Fuller. Such a determination is best left to the trier of fact which is in a superior position to judge the demeanor of the witnesses, and this "credibility call" may only be disturbed on a showing of manifest error. The record discloses no such error.
Therefore, we find the plaintiff's assignments of error to be without merit.

CONCLUSION
The trial court judgment is affirmed. Costs are assessed against the plaintiff.
AFFIRMED.