KNOLL, Judge.
In this appeal, defendants, Malone & Hyde, Inc., d/b/a Auto Shak, and its insurer, American Motorists Insurance Company (American), appeal the trial court’s refusal to order the Clerk of Court of the 27th Judicial District Court, Patti Hebert Kempf, to release its jury bond of $2,500 and its judgment ordering defendants to pay to the Clerk of Court the sum of $1,590 jury costs.
FACTS
Plaintiff, John Deville, who proceeded in forma pauperis, filed a personal injury suit against Auto Shak, and American for a slip and fall accident in the Auto Shak automotive parts store. Auto Shak and American answered the suit denying all allegations, requesting a trial by jury on all issues, and posting a jury bond of $2,500. At the conclusion of the trial on the merits, the jury rejected Deville’s personal injury claim.[1] The trial court entered a judgment in favor of Auto Shak and American, dismissing Deville’s suit with prejudice and at his cost. Approximately one week later, defendants received correspondence from the Clerk of Court of the 27th Judicial District Court requesting $1,590 for jury costs despite the defendants’ repeated requests for release of the jury bond. After several more requests were made, defendants filed a motion to release the jury bond and a rule to show cause why the jury bond should not be released.
Denying the motion to release the bond and ordering the defendants to pay the jury costs, the trial court reasoned:
“In the instant case, the clerk of the 27th Judicial District Court is attempting to recover the funds expended for jury costs from the person who had requested a jury trial and posted the bond, even though the plaintiff, pauper, was cast for costs. At some point in time, the pauper should and probably will be required to pay these costs to the clerk of court's office, at which time the winning litigant herein, the defendants, will be reimbursed whatever monies they have expended in furtherance of the trial of the matter.”
JURY COSTS
Under the scheme of LSA-C.C.P. Arts. 5181-5188, an indigent litigant who is granted the privilege of proceeding in for-ma pauperis is relieved of paying court costs in advance or as they accrue or furnishing security therefor. In particular, LSA-C.C.P. Art. 5188 provides that if judgment is rendered against a party who has been permitted to litigate without the payment of costs, that party shall be condemned to pay costs incurred by him, and those recoverable by the adverse party. The word “shall” is mandatory. LSA-R.S. 1:3.
While these procedure articles pertain to in forma pauperis costs, LSA-R.S. 13:3049 is a statute pertaining to jury costs and authorizes the Clerk of Court to execute against the surety on any bond furnished for jury costs regardless of who was cast in judgment. Specifically, LSA-R.S. 13:3049(B)(2)(e) provides in pertinent part:
“(e) Upon rendition of the verdict in a civil jury trial, the jurors’ compensation, *212 mileage allowance, and any other jury costs shall be advanced by the clerk of court out of the funds on deposit. If the sum on deposit exceeds the jury costs, the excess shall be refunded to the party making the deposit. If the jury costs exceed the amount on deposit, or if the judge has waived the deposit, the deficiency shall be paid out of any judicial expense fund or, in parishes comprising the Fifth, Sixth, and Seventh Judicial Districts and in parishes, where no judicial expense fund exists, the deficiency shall be paid out of the parish treasury. The administrator of the judicial expense fund, the clerk of court or the parish shall have the right to seek recovery of such amount immediately from the party or parties cast in judgment, or from the surety on any bond furnished for jury costs, notwithstanding that the judgment may be suspen-sively appealed or that the bond was furnished by a party not cast in judgment. With respect to those courts in the parish of Orleans, such recovery shall only be done within one year after the closure date of the case.” (Emphasis Added.)
Therefore, to satisfy jury costs, the Clerk of Court has the option of proceeding under LSA-C.C.P. Arts. 5181-5188 or LSA-R.S. 13:3049. Apparently, the legislative intent was to insure that the Clerk of Court was paid jury costs. These statutes are not in conflict, but are merely for the benefit of the Clerk of Court in getting jury costs paid.
Accordingly, the trial court did not err in denying defendants’ motion to cancel the jury bond and in ordering payment of the jury costs from the security furnished.
Appellants rely on Mack v. Southern Farm Bureau Cas. Ins. Co., 447 So.2d 32 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1346 (La.1984). Mack is inapposite and stands only for the proposition that jury costs cannot be assessed to a party not found liable on the sole ground that the party requested the jury trial. In Mack, a solvent plaintiffs suit was dismissed at his cost except that the successful defendants were cast with costs of the jury because they requested the jury trial. Mack simply held that jury costs are court costs which should be assessed pursuant to LSA-C.C.P. Art. 1920. Mack did not involve a claim by the Clerk of Court to recover costs from the security furnished under LSA-R.S. 13:3049(B)(2)(e).
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. In an unpublished opinion, we affirmed the trial court. (Our docket number 90-366.)